[Civ. No. 22914. Second Dist., Div. Two. June 2, 1958.]

LEONORA SHANNON, Appellant, v. W. ASA HUDSON et al., Respondents.

Neil D. McCarthy and Philip A. Cramer for Appellant.

Lester Wm. Roth for Respondents.

FOX, P. J.—This is a suit for dissolution of a joint venture. The trial court determined that a dissolution would be inequitable, and therefore denied any relief. Plaintiff has appealed.

Plaintiff and defendants, Mr. and Mrs. Hudson, were friends. In 1952 the parties entered upon a joint venture.

The purpose of this venture was to acquire certain land in Morro Bay, California, and to construct thereon a motel. The parties planned to equip and furnish the motel, operate it for a time, and then sell it. They discussed the future widening of the road in front of the property in question as well as the construction of a Pacific Gas and Electric Company plant in the vicinity. Mr. Hudson, who was a certified architect, was to supervise the construction of the motel and the Hudsons were to operate it. Plaintiff was to supply the major portion of the money.

The parties entered into an agreement* in August, 1952, and the real property was acquired in September. Mr. Hudson designed the motel and supervised its construction, receiving no fee therefor. The total cost of the motel, including land, building, furnishings and equipment, was around $53,000. The amounts invested to date by the various parties are: $40,636.40 by plaintiff; $7,308.63 by Mr. Hudson; and $7,308.64 by Mrs. Hudson. Since its completion in June, 1953, the operation of the motel has been supervised by defendants; they have received no compensation therefor. Mr. Hudson kept all receipts from the operations in a separate bank account and drew all checks for the operation of the motel upon this account. Periodic financial statements for

---

*The agreement is in the form of a letter:

"August 27th, 1952.

"Mrs. Leonora Shannon

"Dear Mrs. Shannon:

"Have deposited your One Thousand Dollars ($1,000.00) in Security Trust & Savings of Beverly Hills to Mrs. Hudson's account and your Twenty Thousand Dollars ($20,000.00) in the Bank of America at Morro Bay, California, to my account.

"For your own record and that of Mrs. Hudson and myself I have thought it wise to have this letter on record as to the use of the above mentioned sums of money and the use of such monies as you and ourselves invest in properties and buildings.

"I agree to keep a record of expenditures for such property and buildings cost and that at all times such records shall be available to you and any one representing you.

"It is agreed by you and ourselves that completion and sale of any such building, or property, such funds advanced by either of us shall be returned in full and that such profits or losses as may accrue shall be divided as follows:

1/3 to Helen Moore Hudson
1/3 to Leonora Shannon
1/3 to W. Asa Hudson

"Yours truly,
"/s/ W. Asa Hudson

"Concurred in
"/s/ Leonora Shannon
"/s/ Helen Moore Hudson."

the motel were prepared by a firm of certified public accountants.

From the time the motel opened in June, 1953, until March 31, 1957 (the date of the accountants' last report), its books show a net loss of $11,102.14; however, $9,989.50 of this loss has been due to the deductions for depreciation. Thus, the out-of-pocket loss was about $1,100. The motel bank account contained approximately $1,600 at the time of trial, all current bills having been paid. From March 31 until the time of trial three months later, the motel receipts did not drop below $80 a week, and for the week preceding the trial the receipts were $187. Receipts in the immediate future were expected to be between $500 and $700 per month—receipts were always greater during the summer months. Although there was no evidence as to the market value of the property, its replacement value was $65,000. Mr. Hudson had long been trying to sell the property at a figure which would permit the parties to obtain a profit or at least a return of their investment, but he had not received any reasonable offers by the time the case was tried.

Although delays had been experienced, at the time of trial the widening of the road in front of the property had been completed and work was progressing on the Pacific Gas and Electric Company plant. In addition, a school was going to be built near the motel.

From the above facts the trial court concluded that "it would be inequitable and unjust to all of the parties . . . to order a sale of the joint venture assets and a liquidation of said joint venture."

The basic question in this case is whether or not the trial court abused its discretion in refusing to order a dissolution of the joint venture. In view of the factual picture here presented, we cannot hold as a matter of law that the trial court abused its discretion. The evidence showed that during the four years the motel had been operating there had been an out-of-pocket loss of only $1,100. The motel had a bank balance of some $1,600 at the time of trial. The weekly receipts during the three months preceding the trial were substantially in excess of the average weekly receipts during the previous year. And the receipts were expected to rise sharply in the immediate future because of the usual increase in business during the summer months. Moreover, at the time of trial the road in front of the motel had been widened and work was progressing on the nearby plant. These improve-

ments, which had been slow in materializing, had been expected by the parties to raise the value of their property and to increase the business of the motel. To replace the land and motel at the time of trial would cost $65,000. From these facts the trial court properly could infer that the venture had a reasonable prospect of success and that it was not bound to fail. In view of the completion of the highway improvement, the progress on the nearby plant, the current state of the motel's finances, the prospect of increased business and the intrinsic value of the property, the future sale of the motel at a profit was a reasonable likelihood. It is a matter of common knowledge that property seldom brings its fair market value at a forced sale. It was therefore reasonable for the trial court to conclude that a forced sale of the property at the present time would be unfair to all parties. Although plaintiff had much more money invested in the venture than the Hudsons, Mr. Hudson had supplied his services as an architect in both designing the motel and supervising its construction; also, the Hudsons have supervised the operation of the motel for four years without salary. Moreover, under the agreement the Hudsons must bear two-thirds of any loss. It is thus manifestly unfair to them to force a dissolution of the venture while it still has a reasonable chance to succeed. The facts adequately support the findings and conclusions necessary to sustain the judgment.

Plaintiff's contention that the venture was terminable at her will (see Corp. Code, § 15031, subd. (1) (b)) is without merit. While the term of the joint venture was not fixed, it is not disputed that the parties contemplated some operation of the motel. Such operation was to continue until it could be sold, presumably at a price and upon terms agreeable to all the parties. Under these circumstances the venture was not terminable at the will of any one of the parties. (*Owen v. Cohen*, 19 Cal.2d 147, 150 [119 P.2d 713] ; *San Francisco Iron etc. Co.* v. *American Milling etc. Co.*, 115 Cal.App. 238, 248 [1 P.2d 1008].)

Plaintiff contends that the court erred in finding that "the purpose of the joint venture was the acquisition of real property . . . and the building, furnishing and equipping and the operation of a twelve-unit motel until a sale of said motel could be effected at a profit." She asserts that there is nothing in the record which indicates that the parties intended not to sell the motel until they could recover a profit thereby. She argues that this finding would have the parties retain

the property indefinitely because continued operation at a loss would make it impossible ever to sell the property at a profit. Plaintiff has misconceived the meaning of the finding. It merely states the obvious objective of the parties to make a profit when they sold the property. There can be no doubt that their *purpose* was to operate the motel to facilitate their selling it at a profit. Plaintiff has placed undue emphasis on the words "at a profit." Obviously if it appears that continued losses are inevitable and that the parties will likely be unable to sell the motel at a profit, then their primary purpose must be abandoned and the property must be sold at any reasonable price that can be obtained. The finding is clearly without error.

▪Plaintiff's next contention is that Corporations Code, section 15032, subdivision (1) (e), required the trial court to order dissolution of the venture. That section provides that the court shall decree a dissolution on application by a partner whenever it appears that the business of the partnership "can only be carried on at a loss." We have already pointed out that the trial court was justified in concluding from the evidence that the venture had a reasonable prospect of success. It did not appear that the motel business would necessarily be carried on at a loss. In evaluating the evidence at the conclusion of the trial, the court stated that "The only testimony before the Court is that in recent months the place has been paying. . . ." This appraisal of the factual picture appears to be justified. Plaintiff argues that the depreciation deduction cannot be ignored and that this deduction will continue to produce a net loss even though no out-of-pocket loss results. But the deduction for depreciation loses much of its significance by virtue of the fact that the replacement value of the motel is $65,000. Of course, the weight to be given to each of these items of evidence was a matter for the trial court to determine. The trial court reasonably could infer that the motel was worth much more than the book value of $43,429.76 which the accountants attributed to it on March 31, 1957. Under these circumstances the depreciation deduction does not present a realistic picture. It may well be that a sale of the motel as a going concern will completely wipe out the paper loss resulting from deductions for depreciation. Such a sale might even result in a profit.

We need not consider plaintiff's attack on other findings and conclusions of the trial court. Our foregoing discussion adequately disposes of the attack on many of them. The rest

are immaterial to a determination of the case. Plaintiff also contends that the court should have made findings on certain other matters. It suffices to say that the court made findings of fact and conclusions of law adequate to dispose of this case.

The basic difficulty with plaintiff's arguments is that she would have this court reevaluate the evidence, draw inferences contrary to those drawn by the trial court, and direct the trial court in the exercise of its discretion. Under firmly established principles we are not at liberty to do this.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.