55 Cal.2d 192 (1961)
359 P.2d 41
10 Cal. Rptr. 643
GEORGE B. PAGE, Appellant,
v.
H.B. PAGE, Respondent.
Docket No. L.A. 25644.
Supreme Court of California. In Bank.
January 27, 1961.
*193 Cavalletto, Webster, Mullen & McCaughey, Trevey, Schwartz & Wood and Jack A. Otero for Appellant.
Schauer, Ryon & McIntyre and Robert W. McIntyre for Respondent.
TRAYNOR, J.
Plaintiff and defendant are partners in a linen supply business in Santa Maria, California. Plaintiff appeals from a judgment declaring the partnership to be for a term rather than at will.
The partners entered into an oral partnership agreement in 1949. Within the first two years each partner contributed approximately $43,000 for the purchase of land, machinery, and linen needed to begin the business. From 1949 to 1957 *194 the enterprise was unprofitable, losing approximately $62,000. The partnership's major creditor is a corporation, wholly owned by plaintiff, that supplies the linen and machinery necessary for the day-to-day operation of the business. This corporation holds a $47,000 demand note of the partnership. The partnership operations began to improve in 1958. The partnership earned $3,824.41 in that year and $2,282.30 in the first three months of 1959. Despite this improvement plaintiff wishes to terminate the partnership.
[1] The Uniform Partnership Act provides that a partnership may be dissolved "By the express will of any partner when no definite term or particular undertaking is specified." (Corp. Code, § 15031, subd. (1) (b).) The trial court found that the partnership is for a term, namely, "such reasonable time as is necessary to enable said partnership to repay from partnership profits, indebtedness incurred for the purchase of land, buildings, laundry and delivery equipment and linen for the operation of such business...." Plaintiff correctly contends that this finding is without support in the evidence.
Defendant testified that the terms of the partnership were to be similar to former partnerships of plaintiff and defendant, and that the understanding of these partnerships was that "we went into partnership to start the business and let the business operation pay for itself,  put in so much money, and let the business pay itself out." There was also testimony that one of the former partnership agreements provided in writing that the profits were to be retained until all obligations were paid.
Upon cross-examination defendant admitted that the former partnership in which the earnings were to be retained until the obligations were repaid was substantially different from the present partnership. The former partnership was a limited partnership and provided for a definite term of five years and a partnership at will thereafter. Defendant insists, however, that the method of operation of the former partnership showed an understanding that all obligations were to be repaid from profits. He nevertheless concedes that there was no understanding as to the term of the present partnership in the event of losses. He was asked: "[W]as there any discussion with reference to the continuation of the business in the event of losses?" He replied, "Not that I can remember." He was then asked, "Did you have any understanding with Mr. Page, your brother, the plaintiff in this action, as to how the obligations were to be paid if there were losses?" He *195 replied, "Not that I can remember. I can't remember discussing that at all. We never figured on losing, I guess."
Viewing this evidence most favorable for defendant, it proves only that the partners expected to meet current expenses from current income and to recoup their investment if the business were successful.
Defendant contends that such an expectation is sufficient to create a partnership for a term under the rule of Owen v. Cohen, 19 Cal.2d 147, 150 [119 P.2d 713]. In that case we held that when a partner advances a sum of money to a partnership with the understanding that the amount contributed was to be a loan to the partnership and was to be repaid as soon as feasible from the prospective profits of the business, the partnership is for the term reasonably required to repay the loan. It is true that Owen v. Cohen, supra, and other cases hold that partners may impliedly agree to continue in business until a certain sum of money is earned (Mervyn Investment Co. v. Biber, 184 Cal. 637, 641-642 [194 P. 1037]), or one or more partners recoup their investments (Vangel v. Vangel, 116 Cal. App.2d 615, 625 [254 P.2d 919]), or until certain debts are paid (Owen v. Cohen, supra, at p. 150), or until certain property could be disposed of on favorable terms (Shannon v. Hudson, 161 Cal. App.2d 44, 48 [325 P.2d 1022]). In each of these cases, however, the implied agreement found support in the evidence.
In Owen v. Cohen, supra, the partners borrowed substantial amounts of money to launch the enterprise and there was an understanding that the loans would be repaid from partnership profits. In Vangel v. Vangel, supra, one partner loaned his copartner money to invest in the partnership with the understanding that the money would be repaid from partnership profits. In Mervyn Investment Co. v. Biber, supra, one partner contributed all the capital, the other contributed his services, and it was understood that upon the repayment of the contributed capital from partnership profits the partner who contributed his services would receive a one-third interest in the partnership assets. In each of these cases the court properly held that the partners impliedly promised to continue the partnership for a term reasonably required to allow the partnership to earn sufficient money to accomplish the understood objective. In Shannon v. Hudson, supra, the parties entered into a joint venture to build and operate a motel until it could be sold upon favorable and mutually satisfactory *196 terms, and the court held that the joint venture was for a reasonable term sufficient to accomplish the purpose of the joint venture.
In the instant case, however, defendant failed to prove any facts from which an agreement to continue the partnership for a term may be implied. The understanding to which defendant testified was no more than a common hope that the partnership earnings would pay for all the necessary expenses. Such a hope does not establish even by implication a "definite term or particular undertaking" as required by section 15031, subdivision (1) (b), of the Corporations Code. [2] All partnerships are ordinarily entered into with the hope that they will be profitable, but that alone does not make them all partnerships for a term and obligate the partners to continue in the partnerships until all of the losses over a period of many years have been recovered.
Defendant contends that plaintiff is acting in bad faith and is attempting to use his superior financial position to appropriate the now profitable business of the partnership. Defendant has invested $43,000 in the firm, and owing to the long period of losses his interest in the partnership assets is very small. The fact that plaintiff's wholly owned corporation holds a $47,000 demand note of the partnership may make it difficult to sell the business as a going concern. Defendant fears that upon dissolution he will receive very little and that plaintiff, who is the managing partner and knows how to conduct the operations of the partnership, will receive a business that has become very profitable because of the establishment of Vandenberg Air Force Base in its vicinity. Defendant charges that plaintiff has been content to share the losses but now that the business has become profitable he wishes to keep all the gains.
[3] There is no showing in the record of bad faith or that the improved profit situation is more than temporary. In any event these contentions are irrelevant to the issue whether the partnership is for a term or at will. Since, however, this action is for a declaratory judgment and will be the basis for future action by the parties, it is appropriate to point out that defendant is amply protected by the fiduciary duties of copartners.
[4] Even though the Uniform Partnership Act provides that a partnership at will may be dissolved by the express will of any partner (Corp. Code, § 15031, subd. (1) (b)), this power, like any other power held by a fiduciary, must be exercised in good faith.
*197 [5] We have often stated that "Partners are trustees for each other, and in all proceedings connected with the conduct of the partnership every partner is bound to act in the highest good faith to his copartner and may not obtain any advantage over him in the partnership affairs by the slightest misrepresentation, concealment, threat or adverse pressure of any kind." (Llewelyn v. Levi, 157 Cal. 31, 37 [106 P. 219]; Richards v. Fraser, 122 Cal. 456, 460 [55 P. 246]; Yeomans v. Lysfjord, 162 Cal. App.2d 357, 361-362 [327 P.2d 957]; cf. MacIsaac v. Pozzo, 26 Cal.2d 809, 813 [161 P.2d 449]; Corp. Code, § 15021.) Although Civil Code, section 2411, embodying the foregoing language, was repealed upon the adoption of the Uniform Partnership Act, it was not intended by the adoption of that act to diminish the fiduciary duties between partners. (See MacIsaac v. Pozzo, 26 Cal.2d 809, 813 [161 P.2d 449]; Yeomans v. Lysfjord, 162 Cal. App.2d 357, 361-362 [327 P.2d 957].)
[6] A partner at will is not bound to remain in a partnership, regardless of whether the business is profitable or unprofitable. A partner may not, however, by use of adverse pressure "freeze out" a copartner and appropriate the business to his own use. [7] A partner may not dissolve a partnership to gain the benefits of the business for himself, unless he fully compensates his copartner for his share of the prospective business opportunity. In this regard his fiduciary duties are at least as great as those of a shareholder of a corporation.
In the case of In re Security Finance Co., 49 Cal.2d 370, 376-377 [317 P.2d 1], we stated that although shareholders representing 50 per cent of the voting power have a right under Corporations Code, section 4600, to dissolve a corporation, they may not exercise such right in order "to defraud the other shareholders [citation], to `freeze out' minority shareholders [citation], or to sell the assets of the dissolved corporation at an inadequate price. [Citation.]"
[8] Likewise in the instant case, plaintiff has the power to dissolve the partnership by express notice to defendant. If, however, it is proved that plaintiff acted in bad faith and violated his fiduciary duties by attempting to appropriate to his own use the new prosperity of the partnership without adequate compensation to his copartner, the dissolution would be wrongful and the plaintiff would be liable as provided by subdivision (2) (a) of Corporations Code, section 15038 (rights of partners upon wrongful dissolution) for violation of the *198 implied agreement not to exclude defendant wrongfully from the partnership business opportunity.
The judgment is reversed.
Gibson, C.J., McComb, J., Peters, J., White, J., Dooling, J., and Wood (Parker), J. pro tem.,[*] concurred.
NOTES
[*] Assigned by Chairman of Judicial Council.