**In re Dennis Paul HURBACE and Nancy Marie Hurbace, Debtors.**

**John J. DONOHOE, Plaintiff,**

**v.**

**Dennis Paul HURBACE and Nancy Marie Hurbace, Defendants.**

Bankruptcy Nos. 1–85–00464, 1–85–0129.

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

June 9, 1986.

## MEMORANDUM OPINION

R. GLEN AYERS, Bankruptcy Judge.

### SUMMARY

This Chapter 7 adversary proceeding is based upon a Complaint to Determine Dis-chargeability of Debt under 11 U.S.C. § 523(a)(4) filed by a judgment creditor from a partnership dissolution and account-ing suit against two former partners. The Bankruptcy Court held that despite Texas law reference to partners being "trustees" over the assets of a partnership no express or technical trust was created by the stat-ute and no fiduciary relationship between partners existed within the meaning of the Bankruptcy Code provision.

### FACTS

In 1983, John J. Donohoe ("Plaintiff") and Dennis Hurbace ("Debtor") entered into a partnership to conduct a business known as "Paper Hanging Plus." Within a year, Malcome Siemper joined the business as a partner. Although there was no for-mal partnership agreement, the business operated under an oral agreement in which all parties in the partnership shared equally in the profits and losses.

Dennis Hurbace and Malcome Siemper, in June, 1984, informed John Donohoe that they wished to remove him from the part-nership business. Hurbace and Siemper continued the business of "Paper Hanging Plus" after dissolving the partnership by expelling Donohoe.

In July 1984, Donohoe filed a petition in Travis County, Texas District Court seek-ing relief against Hurbace and Siemper for a Dissolution of Partnership and Account-ing. A judgment in the suit was entered September 2, 1985 against Hurbace and Siemper, jointly and severally, for their debt on account for $7,646.00, together with 10% interest per annum.

Dennis Hurbace and wife, Nancy Marie Hurbace, filed a petition for relief in bank-ruptcy under Chapter 7 on September 6, 1985. The judgment debt to Donohoe was listed on the Debtors 11 U.S.C. § 521 schedules.

In October, 1985, John Donohoe filed a Complaint to Determine Dischargeability of Debt based on 11 U.S.C. § 523(a)(4) and (6). Plaintiff alleged, under Subsection (4), de-

falcation by the Debtor while acting in a fiduciary capacity as a partner for failing to account after the dissolution of the partnership. Further, under Subsection (6), Plaintiff alleged willful and malicious injury by Debtor's conversion of funds belonging to Donohoe. Plaintiff moved the Court to declare that Dennis and Nancy Hurbace's debt to Donohoe be nondischargeable in bankruptcy.

At a trial on the Complaint, the Court ruled that because Nancy J. Hurbace was not a party to the lawsuit in which the state court judgment was taken, any claim by Mr. Donohoe against Mrs. Hurbace was dischargeable. Further, the Court held that the provision of Subsection (6) of 11 U.S.C. § 523 ("willful and malicious injury") requiring a deliberate or intentional standard was not applicable and would not affect the dischargeability of the Debtors. The sole issue remaining was whether a fiduciary relationship within the meaning of 11 U.S.C. § 523(a)(4) existed between Plaintiff and Debtor.

## DISCUSSION

11 U.S.C. § 523 concerning exceptions to discharge provides in pertinent part:

(a) A discharge under §§ 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

■ The question of whether a fiduciary relationship exists within the meaning of 11 U.S.C. § 523(a)(4) is a question of federal law. See Angelle v. Reed (In re Angelle), 610 F.2d 1335, 1341 (5th Cir. 1980); see also Runnion v. Pedrazzini (In re Pedrazzini), 644 F.2d 756, 758 (9th Cir. 1981). The Supreme Court has made it clear that the concept of fiduciary, since its appearance in the Bankruptcy Act of 1841, should be narrowly defined and limited in its application to what may be described as

technical or express trusts. See Chapman v. Forsyth, 43 U.S. (2 How.) 202, 207, 11 L.Ed. 236 (1844); Davis v. Aetna Acceptance Corporation, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934). Further, the concept of fiduciary articulated in Chapman, supra must exist prior to the act creating the debt and without reference to the act. See Upshur v. Briscoe, 138 U.S. 365, 378, 11 S.Ct. 313, 317-18, 34 L.Ed. 931 (1890). As the Supreme Court stated in Davis:

> It is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankruptcy has become chargeable as a trustee ex maleficio. He must have been a trustee before the wrong and without reference thereto. In the words of Blatchford, J., "The language would seem to apply only to a debt created by a person who was already a fiduciary when the debt was created." (Quoting Upshur v. Briscoe, supra.)

Davis v. Aetna, supra 293 U.S. at 333, 55 S.Ct. at 154.[1]

The limited construction would eliminate constructive, resulting or implied trusts which by definition and application are imposed because of the very act of wrongdoing out of which the contested matter arose.

■ Although the determination of fiduciary is narrowly construed under federal law, reference to state law is necessary to determine whether a trust (in this strict sense) exists. See Angelle, 610 F.2d at 1341; see also Carlyle Cashway, Inc. v. Johnson (In re Johnson), 691 F.2d 249 (6th Cir.1982); Pedrazzini, 644 F.2d at 758.

■ The applicable Texas statute involving a fiduciary relationship in a partnership, TEX.REV.CIV.STAT.ANN. art. 6132b, § 21 (Vernon 1970) (§ 21, Uniform Partnership Act) (Partners Accountable as a Fiduciary) provides:

1. Though several of the cases cited refer to the old Bankruptcy Act § 17(a)(4), the relevant provisions are essentially identical, and case law construing the old statute should be followed in

interpreting the changes under the Code. See 3 Collier on Bankruptcy, § 523.14, 523–98, 523–105 (15th ed. 1979).

(1) Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

However, the phrase "hold as trustee" does not establish a technical or express trust.[2] Under the Texas statute, the trust arises only when the partner derives profits without the consent of the other partners. Therefore, the statute would fall within the ambit of a trust *ex maleficio* specifically excluded from the purview of nondischargeable debts under § 523(a)(4). *See Davis v. Aetna, supra.* The Source and Comments following the Texas statute reaffirm the nonapplicability of the state law to 11 U.S.C. § 523(a)(4):

... The reference to "trustee" authorizes a court to impose a *constructive trust* where appropriate to implement the Section. (emphasis added).

█ Plaintiff would urge that a recent Ninth Circuit decision, *Ragsdale v. Haller*, 780 F.2d 794 (9th Cir.1986), supports a finding by this Court that the judgment debt owed by Debtor is nondischargeable. The Circuit panel in *Ragsdale*, interpreting § 21 of the Uniform Partnership Act (which is identical to the Texas statute) to be the sort of trust *ex maleficio* not included within the purview of § 523(a)(4). However, the Circuit concluded that California courts had raised the duties of partners beyond those required by the literal wording of the Uniform Partnership Act. The Circuit concluded that the California courts had made all partners trustees over the assets of the partnership.

Partners are trustees for each other, and in all proceedings connected with the conduct of the partnership every partner is bound to act in the highest good faith to his co-partner and may not obtain any

advantage over him in the partnership affairs by the slightest misrepresentation, concealment, threat or adverse pressure of any kind.

*Id.* at 796 citing *Leff v. Gunter*, 33 Cal.3d 508, 514, 189 Cal.Rptr. 377, 658 P.2d 740 (1983) [quoting *Page v. Page*, 55 Cal.2d 192, 197, 10 Cal.Rptr. 643, 359 P.2d 41 (1961)].

Texas courts have not, to date, extended the partnership relationship beyond the frame of reference used in § 21 of the Unofirm Partnership Act. Generally, the relationship is a broad fiduciary duty based upon trust, confidence, and good faith—far too broad from the narrow construction of fiduciary required by the Supreme Court cases previously cited. It is only when viewing the position of managing partners do Texas courts venture to impose the type of fiduciary duty described in *Ragsdale*. *See, e.g., Huffington v. Upchurch*, 532 S.W.2d 576 (Tex.1976) (managing partner of partnership enterprise owed copartners one of the highest fiduciary duties recognized in law); *Crenshaw v. Swenson*, 611 S.W.2d 886 (Tex.Civ.App—Austin 1980, writ ref'd n.r.e.) (managing partner in general partnership owes copartners highest fiduciary duty recognized in law); *Johnson v. Buck*, 540 S.W.2d 393 (Tex.Civ.App.—Corpus Christi 1976, writ. ref'd n.r.e.).

This Court concludes that in the present case dealing not with a managing partner vis-a-vis general partners but with equal copartners, the scope of fiduciary duty described in *Ragsdale* is not applicable. Thus, unless there is some new Texas case not yet reported or some additional facts not presented in the case at hand, this Court concludes that § 523(a)(4) insofar as it relates to a debtor acting in a fiduciary capacity, does not apply to failure of partners to account. *See also In re Tocci*, 9 CBC 2d 636, 34 B.R. 66 (Bankr.S.D.Fla. 1983); *Hurlbert v. Drake (In re Drake)*, 5 B.R. 149 (Bankr.D.Idaho 1980).

**2.** Under Texas law, in order to establish the existence of an express trust, the party asserting the trust must prove that the settlor intended to create a trust, that the subject to which the trust obligation relates is certain, and that the bene-ficiary is certain. See Tex.Prop Code § 112.001, 112.002 (Vernon 1984); *Brelsford v. Sheltz*, 564 S.W.2d 404, 406 (Tex.Civ.App.—Houston [1st Dist.] 1978 writ ref'd n.r.e.).

In light of the Court's conclusions, the judgment debt owed by Dennis Paul Hurbace, debtor, to John J. Donohoe is dischargeable.

IT IS SO ORDERED.