JERRY MONTELEONE, Plaintiff-Appellee, v. NICK MONTELEONE *et al.*, Defendants-Appellants.

First District (4th Division)  No. 86—597

Opinion filed August 28, 1986.

Michael W. Rathsack, of Chicago (Charles C. Porcelli and Michael W. Rathsack, of counsel), for appellants.

Leon C. Wexler, of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Nick Monteleone and Lorenzo Monteleone (Nick and Lorenzo) appeal from the order of the circuit court of Cook County that directed the judicial sale of the Monte Auto Body Shop, of which Nick and Lorenzo are partners in conjunction with Jerry Monteleone (Jerry). The primary question presented for our review is whether the trial court erred in ordering a judicial sale of the partnership assets prior to adjudicating whether Nick and Lorenzo have a right to retain the

partnership business and reimburse Jerry for the value of his interest in the partnership on the ground that Jerry wrongfully terminated the partnership.

For the reasons set forth below, we reverse and remand for further proceedings consistent with the views expressed herein.

BACKGROUND

Jerry instituted proceedings to dissolve his partnership with Nick and Lorenzo in the Monte Auto Body Shop on January 5, 1984. Thereafter Nick and Lorenzo filed an answer to Jerry's complaint and presented a counterclaim requesting dissolution of the partnership and recognition of their right to continue the business and to reimburse Jerry for his interest in the partnership, less damages for his wrongful termination of the partnership.

It is undisputed between the parties that Jerry, Nick, and Lorenzo formed an oral partnership in April 1979 to own and operate an automobile-body-repair business named Monte Auto Body Shop in Melrose Park. Jerry, Nick, and Lorenzo dispute who among them caused the dissolution of the partnership.

Jerry stated in his complaint that Nick and Lorenzo "wrongfully excluded [Jerry] from the partnership premises" on or about October 31, 1983, thereby effecting a dissolution of the partnership. He alleged that Nick and Lorenzo subsequently failed to conclude partnership business, but instead continued to operate the auto-body-shop partnership without complying with the requirements of section 38(2)(b) of the Uniform Partnership Act (Ill. Rev. Stat. 1985, ch. 106½, par. 38(2)). Jerry's pleading requested dissolution of the partnership, judicial sale of partnership assets, an accounting of partnership funds, an award of one-third of the partnership's monies and proceeds of sale, and damages for the wrongful termination of the partnership by Nick and Lorenzo.

The counterclaim of Nick and Lorenzo claimed that it was Jerry's wrongful conduct that had caused the dissolution of the partnership. This behavior included, in essence, misappropriation of partnership funds, failure to contribute to the operation of the business, a wrongful demand that Jerry's son be made a partner in the business and that a certain employee be immediately discharged, and refusal to return partnership books and records. They stated that after the partnership "was dissolved in October of 1983 [by Jerry's wrongful termination]," Nick and Lorenzo, "being a surviving majority, formed a new partnership." Apparently this enterprise operates under the name Monte Auto Body Shop in the same location as the presently

disputed partnership and continues ownership and operation of that partnership in auto-body-repair work. Based upon these allegations, Nick and Lorenzo requested that the court declare the partnership dissolved by virtue of Jerry's wrongful conduct in October 1983, the value of partnership assets be determined as of October 1983, Nick and Lorenzo be permitted to purchase Jerry's interest, Nick and Lorenzo "be decreed to be the surviving partners and to continue the partnership business," an accounting be performed, and Jerry "be assessed all damages and costs incurred by the partnership and/or [Nick and Lorenzo]" because of Jerry's wrongful termination of the partnership.

Although hearings on the parties' allegations had commenced, the trial court never made a final adjudication of the merits of their claims. Thereafter Jerry filed a motion requesting that the court order a judicial sale of partnership assets prior to the court's decision on the issues of the parties' interests in the business, the dissolution of the partnership and its wrongful termination, and the parties' rights upon dissolution. Following briefing and oral argument, the trial court granted the motion in a written order for the judicial sale of partnership assets. The court order found that the partnership was dissolved over two years ago. Based upon "the obvious dispute concerning the value of assets," the court ordered a judicial sale of "all of the partnership assets" with directions that, following the sale, "the sheriff shall *** hold the proceeds subject to confirmation and appropriate proceeds order by this court based upon reasonable value and other equitable and legal considerations." The court found no just reason to delay enforcement of or appeal from its order of judicial sale. The timely expedited appeal of Nick and Lorenzo followed.

Opinion

As previously noted, the primary question presented for our review is whether the court could properly order a judicial sale of the "partnership assets" of Monte Auto Body Shop prior to a determination of the claim of Nick and Lorenzo that they could continue operation of the partnership business because of Jerry's wrongful termination of the partnership.

■ We conclude that the trial court's order of a judicial sale at this juncture in the proceedings was reversible error. Under section 38(2)(b) of the Uniform Partnership Act (Ill. Rev. Stat. 1985, ch. 106½, par. 38(2)(b)), innocent partners have the right to continue partnership business where another partner has wrongfully terminated the partnership. Nick and Lorenzo thus may have the right to

continue ownership and operation of the Monte Auto Body Shop partnership if they are able to establish at a subsequent proceeding that Jerry's conduct constituted a wrongful termination of the partnership. Accordingly, we reverse and remand for further proceedings.

The rights of partners upon a partner's wrongful termination of the partnership are governed by section 38(2) of the Uniform Partnership Act (Ill. Rev. Stat. 1985, ch. 106½, par. 38(2)). This section provides in relevant part:

"(2). When dissolution is caused in contravention of the partnership agreement the rights of the partners shall be as follows:

(a) Each partner who has not caused dissolution wrongfully shall have,

\*\*\*

II. The right, as against each partner who has caused the dissolution wrongfully, to damages for breach of the agreement.

(b) The partners who have not caused the dissolution wrongfully, if they all desire to continue the business in the same name, either by themselves or jointly with others, may do so, during the agreed term for the partnership and for that purpose may possess the partnership property, provided they secure the payment by bond approved by the court, or pay to any partner who has caused the dissolution wrongfully, the value of his interest in the partnership at the dissolution, less any damages recoverable under clause (2a II) of this section, and in like manner indemnify him against all present or future partnership liabilities.

(c) A partner who has caused the dissolution wrongfully shall have:

\*\*\*

II. If the business is continued under paragraph (2b) of this section the right as against his co-partners and all claiming through them in respect of their interests in the partnership, to have the value of his interest in the partnership, less any damages caused to his co-partners by the dissolution, ascertained and paid to him in cash, or the payment secured by bond approved by the court, and to be released from all existing liabilities of the partnership; but in ascertaining the value of the partner's interest the value of the good will of the business shall not be considered." Ill. Rev. Stat. 1985, ch. 106½, par. 38(2).

A partner's conduct is considered "wrongful" when it is

taken in derogation of the duties imposed either explicitly by the partnership agreement or implicitly by virtue of the nature of the partnership itself. (See *Mandell v. Centrum Frontier Corp.* (1980), 86 Ill. App. 3d 437, 407 N.E.2d 821; *Biagi v. Gregory* (1958), 19 Ill. App. 2d 534, 154 N.E.2d 849; see generally Hillman, *Misconduct as a Basis for Excluding or Expelling a Partner: Effecting Commercial Divorce and Securing Custody of the Business*, 78 Nw. U.L. Rev. 527, 538-39 (1983).) The Uniform Partnership Act empowers a court to order partnership dissolution whenever, for example, a "partner has been guilty of such conduct as tends to affect prejudicially the carrying on of the business, [or whenever a] partner wilfully or persistently commits a breach of the partnership or agreement, or otherwise so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with him." Ill. Rev. Stat. 1985, ch. 106½, pars. 32(1)(c), (1)(d).

Nick and Lorenzo alleged in their counterclaim that the oral partnership between Nick, Lorenzo, and Jerry specified that "each partner would contribute equally to the capital and equally share all profits and losses and further, that each partner would contribute an equal amount of labor to the operation of the partnership, and each partner would receive weekly compensation for his labor." Their pleading then alleged in substance that Jerry had violated this agreement in several specified respects. They claimed before the trial court and in this appeal that these allegations also constituted a breach of Jerry's fiduciary duties to the partnership.

Jerry concedes in this appeal that for the purposes of analysis, "we must assume *** that [Jerry] took draws in excess of his percentage of ownership and committed the conduct alleged in the *** Counterclaim." In our opinion these allegations in the counterclaim of Nick and Lorenzo were sufficient to state a claim that Jerry's behavior was in contravention of the partnership agreement or a breach of Jerry's fiduciary duties, and would amount to "wrongful termination" of the partnership. Such alleged wrongful termination of the partnership is sufficient to order dissolution of the partnership and to recognize the right of Nick and Lorenzo to continue operation of the business rather than be subjected to the possibility of a contrived judicial sale from which they would receive a monetary payment for their respective interests in the partnership. (See Ill. Rev. Stat. 1985, ch. 106½, par. 38(2); *Pav-Saver Corp. v. Vasso Corp.* (1986), 143 Ill. App. 3d 1013; *Mandell v. Centrum Frontier Corp.* (1980), 86 Ill. App. 3d 437, 407 N.E.2d 821; *Biagi v. Gregory* (1958), 19 Ill. App. 2d 534, 154 N.E.2d 849; Hillman, *Misconduct as a Basis for Excluding or Expel-*

*ling a Partner: Effecting Commercial Divorce and Securing Custody of the Business*, 78 Nw. U.L. Rev. 527 (1983).) As a result, the court's order of judicial sale of the partnership before a finding of whether Jerry wrongfully terminated his participation in the partnership was premature, and amounted to reversible error.

Jerry argues that his conduct, even if it amounts to wrongful termination, would not justify the continuation of the partnership business by Nick and Lorenzo, because the oral partnership agreement between them was not for a fixed term and was therefore a partnership at will. See Ill. Rev. Stat. 1985, ch. 106½, par. 31; see, *e.g., Maimon v. Telman* (1968), 40 Ill. 2d 535, 537-38, 240 N.E.2d 652.

■ We find this argument unpersuasive. Section 38 of the Uniform Partnership Act does not explicitly limit the rights of innocent partners conferred in the provision to those partners who have agreed to a partnership for a fixed term. (See Ill. Rev. Stat. 1985, ch. 106½, par. 38.) Furthermore, the fact that subsection (2) permits the innocent partners to "continue the business in the same name *** during the agreed term for the partnership" (Ill. Rev. Stat. 1985, ch. 106½, par. 38(2)(b)) is not reasonably interpreted, in our view, as a limitation upon the application of section 38 solely to fixed-term partnerships. Instead, it recognizes that the term originally agreed upon by the partners (here, at will) shall remain in effect during the innocent partners' continuation of the partnership business.

■ The counterclaim of Nick and Lorenzo alleged *inter alia* that Jerry's misappropriation of partnership funds amounted to the wrongful termination of his participation in the partnership enterprise. It further claimed, in substance, that Jerry essentially caused dissolution of the partnership because Nick and Lorenzo would not permit Jerry to act in derogation of his duties under the oral partnership agreement or in contravention of his fiduciary duties as a partner to Nick and Lorenzo. In our view section 38 does not contemplate that Nick and Lorenzo should be precluded from continuing the partnership business under these circumstances merely because their oral agreement set no fixed date for the termination of the partnership. See *Page v. Page* (1961), 55 Cal. 2d 192, 10 Cal. Rptr. 643, 359 P.2d 41; *Rosenfeld, Meyer & Susman v. Cohen* (1983), 146 Cal. App. 3d 200, 194 Cal. Rptr. 180; see also *Leff v. Gunter* (1983), 33 Cal. 3d 508, 189 Cal. Rptr. 377, 658 P.2d 740; *Dreifuerst v. Dreifuerst* (Wis. App. 1979), 90 Wis. 2d 566, 280 N.W.2d 335 (*dicta*); but see *68th Street Apartments, Inc. v. Lauricella* (1976), 142 N.J. Super. 546, 362 A.2d 78, *aff'd* (1977), 150 N.J. Super. 47, 374 A.2d 1222 (*dicta*); see generally *Couri v. Couri* (1983), 95 Ill. 2d 91, 447 N.E.2d 334.

Parenthetically, we also find without merit Jerry's contention that, in the interest of judicial economy, a judicial sale is preferable to a hearing wherein the parties present evidence of the appraised value of partnership assets. Section 38(2) accords to innocent partners the right to continue the partnership enterprise, rather than to share in the proceeds of sale or liquidation of the partnership estate.

In light of this disposition, we need not consider the other questions presented by the parties in this appeal.

For the reasons stated above, the order of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

LINN, P.J., and JIGANTI, J., concur.