## In the Matter of Joseph B. GAY, Debtor.

### David BETZ, Plaintiff,

v.

### Joseph B. GAY, Defendant.

### Bankruptcy No. 88–50667.
### Adv. No. 88–5038.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

March 27, 1989.

S. Lee Storesund, Atlanta, Ga., for plaintiff.

George Kushinka, Warner Robins, Ga., for defendant.

J. Coleman Tidwell, Macon, Ga., Chapter 7 Trustee.

## MEMORANDUM OPINION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

ROBERT F. HERSHNER, Jr., Chief Judge.

### STATEMENT OF THE CASE

David Betz, Plaintiff, filed this adversary proceeding with the Court on July 5, 1988. In it he asks the Court to rule under section 523(a)(4) of the Bankruptcy Code that a debt owed to him by Joseph B. Gay, Defendant, is nondischargeable in bankruptcy. Defendant filed his answer on August 1, 1988. The parties have filed cross-motions for summary judgment. The Court, having considered the record before it and the arguments of counsel, now publishes its findings of fact and conclusions of law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Section 523(a)(4) of the Bankruptcy Code [1] provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

---

1. 11 U.S.C.A. § 523(a)(4) (West 1979).

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

11 U.S.C.A. § 523(a)(4) (West 1979).

It is uncontested that Plaintiff and Defendant were partners in a partnership known as Atrium Southeast. Plaintiff asserts that Defendant while operating the partnership had a fiduciary responsibility to Plaintiff, and that Defendant diverted partnership funds to his own personal use. Plaintiff brought suit against Defendant in the Superior Court of Bibb County, Georgia, in Civil Action No. 70419. By order and judgment dated March 18, 1988, the superior court ordered the partnership dissolved and entered judgment based on a jury verdict in favor of Plaintiff and against Defendant in the amount of $75,-000. A copy of the order and judgment of the Superior Court of Bibb County is attached hereto and by reference thereto incorporated herein.

Before the Court can find a debt for fraud or defalcation nondischargeable under section 523(a)(4), the Court must find that Defendant was acting in a fiduciary capacity. This qualification has been limited "to what may be described as technical or express trusts, and not to trusts *ex maleficio* that may be imposed because of the very act of wrongdoing out of which the contested debt arose." [2]

In discussing the fiduciary relationship that must exist under section 523(a)(4), the court in *In re Hurbace* [3] stated:

The question of whether a fiduciary relationship exists within the meaning of 11 U.S.C. § 523(a)(4) is a question of federal law. *See Angelle v. Reed (In re Angelle)*, 610 F.2d 1335, 1341 (5th Cir. 1980); *see also Runnion v. Pedrazzini (In re Pedrazzini)*, 644 F.2d 756, 758 (9th Cir.1981). The Supreme Court has made it clear that the concept of fiduciary, since its appearance in the Bankruptcy Act of 1841, should be narrowly defined and limited in its application to what may be described as technical or express

trusts. *See Chapman v. Forsyth*, 43 U.S. (2 How.) 202, 207, 11 L.Ed. 236 (1844); *Davis v. Aetna Acceptance Corporation*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934). Further, the concept of fiduciary articulated in *Chapman, supra* must exist prior to the act creating the debt and without reference to the act. *See Upshur v. Briscoe*, 138 U.S. 365, 378, 11 S.Ct. 313, 317-18, 34 L.Ed. 931 (1890). As the Supreme Court stated in *Davis:*

It is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankruptcy has become chargeable as a trustee ex maleficio. He must have been a trustee before the wrong and without reference thereto. In the words of Blatchford, J., "The language would seem to apply only to a debt created by a person who was already a fiduciary when the debt was created." (Quoting *Upshur v. Briscoe, supra.*)

*Davis v. Aetna, supra* 293 U.S. at 333, 55 S.Ct. at 154.

The limited construction would eliminate constructive, resulting or implied trusts which by definition and application are imposed because of the very act of wrongdoing out of which the contested matter arose.

Although the determination of fiduciary is narrowly construed under federal law, reference to state law is necessary to determine whether a trust (in this strict sense) exists. *See Angelle*, 610 F.2d at 1341; *see also Carlyle Cashway, Inc. v. Johnson (In re Johnson)*, 691 F.2d 249 (6th Cir.1982); *Pedrazzini*, 644 F.2d at 758.

*Donohoe v. Hurbace (In re Hurbace)*, 61 B.R. 563, 565 (Bankr.W.D.Tex.1986).

Plaintiff in his complaint relies on the partnership law of Georgia to urge that a trust relationship existed between him and Defendant. In support of this argument,

---

**2.** *See Gay v. Holland (In re Holland)*, 78 B.R. 358, 363 (Bankr.M.D.Ga.1987) (citations omitted).

**3.** *Donohoe v. Hurbace (In re Hurbace)*, 61 B.R. 563 (Bankr.W.D.Tex.1986).

Plaintiff cites sections 14–8–14 and 14–8–21 of the Georgia Code,[4] which provide:

**14–8–14. Recovery from partnership for loss caused by wrongful act of partner.**

The partnership is bound to make good the loss:

(1) Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it; and

(2) Where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership.

**14–8–21. Benefits derived by a partner without the consent of other partners.**

(a) Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

(b) This Code section applies also to the representatives of a deceased partner engaged in the liquidation of the affairs of the partnership as the personal representatives of the last surviving partner.

In the Court's view, these sections of the Georgia Code do not create the fiduciary relationship between Plaintiff and Defendant that is required by section 523(a)(4). It also appears clear that any fiduciary relationship created by the Georgia statute is in favor of the partnership and not an individual partner. *Accord Fisher v. Steliga* (*In re Steliga*), 89 B.R. 19, 18 B.C.D. 25 (Bankr.E.D.Wis.1988). The Court is unable to find that the required fiduciary relationship existed between Plaintiff and Defendant. Since there are no material issues of fact in dispute, the Court must grant Defendant's motion for summary judgment. The Court thus finds that Defendant is entitled to prevail as a matter of law.

4. O.C.G.A. §§ 14–8–14, 14–8–21 (Supp.1988).

An order in accordance with this opinion is attached hereto.

EXHIBIT A

In the Superior Court of Bibb County

State of Georgia

DAVID D. BETZ, Plaintiff

v

JOSEPH B. GAY, Defendant

CIVIL ACTION FILE No. 70419

ORDER AND JUDGMENT

The above-styled matter came on for a jury trial beginning on March 9, 1988, all parties being present and announcing ready for trial.

FINDINGS OF FACT

After presentation of evidence the court finds as a matter of fact that the parties acted as a partnership. The court further finds as a matter of fact that the relationship has deteriorated such that the parties cannot operate as a partnership.

CONCLUSIONS OF LAW

The court therefore concludes, as a matter of law, that the partnership should be dissolved and hereby ORDERS that the partnership be dissolved this date.

JUDGMENT

The issue of damages was left to the jury, who, after due deliberation, returned a verdict against the defendant on his counterclaim for an equitable distribution of the partnership and in favor of the plaintiff in the amount of Seventy-five Thousand ($75,000.00) Dollars, to be paid by the defendant to the plaintiff.

This court therefore makes the jury verdict the judgment of this court and

ORDERS that the defendant pay to the plaintiff the sum of Seventy-five Thousand ($75,000.00) Dollars plus the costs of this action, along with future interest on the unpaid principal at the rate of 12% per annum, until discharged. This is the 18 day of March, 1988.

/s/ Bryant Culpepper
Bryant Culpepper
Judge, BJC

prepared by:

S. Lee Storesund

600 North Tower

1776 Peachtree Road, NW

Atlanta, GA 30309

404/892–8888

## ORDER

Based upon the attached and foregoing findings of fact and conclusions of law; it is

ORDERED, ADJUDGED, AND DECREED that the motion for summary judgment filed by Joseph B. Gay, Defendant, hereby is granted; and it is further

ORDERED that the motion for summary judgment filed by David Betz, Plaintiff, hereby is denied; and it is further

ORDERED that the relief sought by Plaintiff hereby is denied; and it is further

ORDERED that this order be entered on the docket on the date set out below.

SO ORDERED.