90 Cal.Rptr.2d 462 (1999)
76 Cal.App.4th 442
In re RASHAD B. et al., Persons Coming Under the Juvenile Court Law.
Sacramento County Department of Health and Human Services, Plaintiff and Respondent,
v.
Dorothy B., Defendant and Appellant.
No. C032603.
Court of Appeal, Third District.
November 24, 1999.
Rehearing Denied December 20, 1999.
*463 Janet G. Sherwood, Corte Madera, under appointment by the Court of Appeal, for Defendant and Appellant.
Robert A. Ryan, Jr., County Counsel, and Lilly C. Frawley, Deputy County Counsel, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
SIMS, Acting P.J.
Dorothy B., mother of the children Rashad B. and Bayyinnah S., appeals from orders terminating her parental rights and freeing the minors for adoption. (Welf. & Inst.Code, § 366.26 (further undesignated section references are to this code).) Appellant contends several errors occurred prior to the section 366.26 hearing which entitle her to reversal. She argues she is excused from having failed to file a writ petition challenging these errors because she did not receive notice of her right to file the writ petition.
In the published portion of this opinion, we shall conclude the court did not give appellant notice of her right to file a writ petition because the court erroneously failed to ascertain appellant's permanent mailing address (to which notice could be sent) when appellant appeared in court at the inception of the dependency. In these circumstances, she is excused from her failure to file a writ petition, and her current claims are therefore cognizable on appeal.
In the unpublished portion of the opinion, we reject her contentions of error on the merits. We therefore affirm the orders of the juvenile court.

FACTS AND PROCEDURAL BACKGROUND
The Sacramento County Department of Health and Human Services (DHHS) removed newborn Rashad and three-year-old Bayyinnah from appellant's custody in early June 1998, soon after Rashad's birth, because appellant tested positive for methamphetamine. Although appellant was arrested for drug possession and was in custody when DHHS filed the dependency petition, she denied current drug use. The petitions alleged the minors came within the provisions of section 300, subdivisions (a) and (b) due to appellant's long-term substance abuse and her resulting inability to provide them adequate care.
At the detention hearing, the court ordered the children detained but permitted Bayyinnah to remain in the maternal grandmother's care. Appellant was present at the detention hearing where the court appointed counsel to represent her and advised her to keep counsel and the social worker aware of any changes in her address since failure to do so could mean she would not receive important notices. However, the court did not order appellant to provide a permanent mailing address, and she did not do so. Nor did the court admonish appellant that her permanent mailing address would be used for notice purposes unless she notified the court or DHHS in writing of a new mailing address.[1]
In an interview on June 29, 1998, for the jurisdictional report, appellant told the social worker she was homeless but occasionally stayed with the maternal grandmother. Upon discovering her intermittent stays with the maternal grandmother would jeopardize Bayyinnah's placement there, appellant agreed to leave that residence immediately. Appellant did not provide either the social worker or counsel with an address and was not seen by the maternal grandmother thereafter. At the interview, the social worker referred appellant to drug treatment and testing programs, parenting classes and housing assistance. *464 Appellant did not contact any of the programs to which she was referred.
The report further stated two of appellant's older children, removed from appellant's custody due to appellant's drug use, were in guardianship in Ohio and a third child, removed for similar reasons, was placed with the father after appellant failed to reunify. The report concluded the children were at risk of harm because appellant repeatedly failed to avail herself of treatment and recommended DHHS not be required to provide her services.
The jurisdictional/dispositional hearing was first scheduled for July 20, 1998, but was continued due to illness of appellant's counsel. It is not clear whether appellant was present at that time. Appellant did not appear for the continued jurisdictional/dispositional hearing on July 27, 1998. At that hearing, the court sustained the petitions, adjudged the minors dependents, continued their placement out of home, denied reunification services to appellant pursuant to section 361.5, subdivision (b)(10)(A) and set a hearing pursuant to section 366.26. At the conclusion of the jurisdictional/dispositional hearing, appellant's counsel asked to be relieved stating that, while he had represented appellant in an earlier case involving siblings of these children, appellant had never contacted him on this case and he had no address for her. The court granted the request ordering that should appellant contact the social worker and request counsel, the request should be presented to the court. Notice of the right to writ review was mailed by the court to Mr. S., Bayyinnah's father, but not to Rashad's father or to appellant because, in the words of the court, "ADRESSES UNKNOWN."
The assessment for the section 366.26 hearing prepared in November 1998, stated there had been no contact with appellant since the jurisdictional hearing. Rashad was in a prospective adoptive placement and the maternal aunt wanted to adopt Bayyinnah. An addendum prepared in February 1999, stated appellant had been found and personally served with notice of the hearing in addition to being served by publication.
At the section 366.26 hearing on February 22, 1999, appellant appeared without counsel and requested counsel be appointed because she had been in substance abuse treatment since October 1998. Appellant explained the first hearing for the jurisdiction hearing was continued to a date she could not attend because she had to serve jail time in her criminal case. The court appointed counsel and continued the hearing so appellant could consult with him.
At the new section 366.26 hearing, appellant, through her new counsel, objected to termination of parental rights and selection of adoption as a permanent plan and suggested the maternal aunt be considered for adoption of both children. The juvenile court terminated appellant's parental rights and freed the children for adoption.
Appellant timely appealed.

DISCUSSION

I
Appellant raises various contentions which arose at or before the order setting the section 366.26 hearing (referral order), i.e., (1) the dispositional order continuing the removal of the children from the home was not signed by a judge; (2) the petition failed to state a claim within the meaning of section 300; (3) substantial evidence did not support the jurisdictional and dispositional findings; and (4) the court erred in removing her counsel, resulting in her inability to petition for modification of the order denying reunification services. She implicitly concedes these issues would ordinarily be barred by her failure to seek writ review but asserts she may raise these issues because the court did not properly notify her of her right to seek review of the referral order by extraordinary writ. (See In re Cathina W. (1998) 68 Cal.App.4th 716, 722, 80 Cal. *465 Rptr.2d 480 [appellate issues not barred where juvenile court gave mother notice that was untimely and incorrect].)
Section 366.26, subdivision (I)) bars review of a referral order unless the parent has sought timely review by extraordinary writ.[2] In adopting section 366.26, subdivision (I), "the Legislature has unequivocally expressed its intent that referral orders be challenged by writ before the section 366.26 hearing." (Anthony D. v. Superior Court (1998) 63 Cal.App.4th 149, 156, 73 Cal.Rptr.2d 479.) Because the trial court must conduct the section 366.26 hearing promptly, the traditional rule of appealability is ineffective in providing the parties meaningful review before the trial court has selected a permanent plan. (Id. at p. 155-156, 73 Cal.Rptr.2d 479.) Thus, cases which have applied the various versions of the statute since 1989 have concluded that contentions designed to overturn a referral order are not cognizable on appeal unless writ review was sought, even if the contention relates only to contemporaneous orders which would otherwise be appealable. (In re Eli F. (1989) 212 Cal. App.3d 228, 236, 260 Cal.Rptr. 453 [orders at a status review hearing]; In re Rebecca H. (1991) 227 Cal.App.3d 825, 836, 278 Cal.Rptr. 185 [denial of services at disposition hearing]; In re Rebekah R. (1994) 27 Cal.App.4th 1638, 1647, 33 Cal.Rptr.2d 265 [attack on jurisdictional findings and denial of services at disposition hearing]; Joyce G. v. Superior Court (1995) 38 Cal.App.4th 1501, 1506, fn. 3, 45 Cal.Rptr.2d 805 [attack on findings subsumed within a referral order must be raised by writ]; Anthony D., supra, 63 Cal.App.4th 149, 73 Cal. Rptr.2d 479 [attack on jurisdictional findings and denial of services at disposition hearing]; In re Charmice G. (1998) 66 Cal.App.4th 659, 78 Cal.Rptr.2d 212 [denial of § 388 petition].) As the Court of Appeal in Anthony D., supra, 63 Cal.App.4th at page 156, 73 Cal.Rptr.2d 479, stated, "[The Legislature's] clear expression, together with the foregoing case law, leads us to conclude that when services are denied ... at the dispositional hearing, all challenges to the dispositional judgment and underlying jurisdictional findings must be brought by writ because all such challenges, with one possible exception, are designed to overturn the referral order."
As appellant recognizes, all her claims are designed to overturn or are subsumed in the referral order.
Section 366.26 further directs the Judicial Council to adopt a rule to ensure the juvenile court will provide notice to the parties, orally if the parties are present and by first-class mail to the last known address if they are not, of the requirements of writ review to be met to satisfy the statute. (§ 366.26, subd. (0(3).) The Judicial Council adopted California Rules of Court, rule 1436.5 to implement the *466 statute.[3] Where the court fails to give a party notice of writ review, the party's claims on appeal are not limited by the provisions of section 366.26, subdivisions (l(1) and (l)(2). (See In re Cathina W., supra, 68 Cal.App.4th at p. 722, 80 Cal. Rptr.2d 480.)
Here, appellant was not at the hearing where the juvenile court entered the referral order. Accordingly, the court was required to mail notice to her last known address. DHHS contends appellant had no address, because, in her last communication with the social worker, appellant stated she was homeless.
However, on this record, the failure of the court and DHHS to have an address to which notice could be sent was attributable to an error by the court.
Thus, section 316.1 provides, in part: "Upon his or her appearance before the court, each parent ... shall designate for the court his or her permanent mailing address. The court shall advise each parent ... that the designated mailing address will be used by the court and the social services agency for notice purposes unless and until the parent ... notifies the court or the social services agency of a new mailing address in writing." (§ 316.1, subd. (a), italics added.) The section also authorizes the Judicial Council to develop a form for use in designating the permanent mailing address. (§ 316.1, subd. (b); rule 1402(b)(2)(A).) The Judicial Council has adopted Judicial Council Forms, form JV-140, which is attached to this opinion as appendix A.[4] In addition, the Judicial Council has promulgated a rule containing the specific advisements necessary for the court to comply with section 316.1. (Rule 1412(l.)[5]
The record of the detention hearing, appellant's first appearance, reveals that the court made no attempt to have appellant provide a permanent mailing address nor, understandably, did the court advise her that such address would be used for notice purposes. The court did advise appellant of her duty to keep counsel and the social worker notified of any change in address and cautioned her that failure to do so could result in failure to receive important notices. However, this advisement does not constitute substantial compliance *467 with section 316.1 and rule 1412(l), for two reasons. First, the court did not order appellant to provide a permanent mailing address.[6] Second, the court did not tell appellant that notices would be sent to the address so designated. Had the court complied with the provisions of section 316.1 and the related Rule of Court by securing a permanent mailing address for appellant, it would then have been appellant's burden to notify the court of changes in her address or risk failing to receive notices.
Nor may we assume the court's error in failing to secure a permanent mailing address was harmless because appellant later indicated she was homeless. A permanent mailing address, designated for purposes of receiving notices, need not be the address at which a parent is actually residing. Many homeless people are capable of designating a permanent mailing address at which they can receive mail. Here, the maternal grandmother was a logical candidate for designation of a permanent mailing address by appellant.
Indeed, it is in cases of homeless parents that compliance with section 316.1 is arguably most important. If, upon inquiry at the parent's first appearance, the parent is wholly unable to provide a permanent mailing address, the court is then aware of a potential problem in service of notices and can designate the address of the social worker or the parent's counsel as the permanent mailing address and require the parent to maintain close contact with that individual in order to receive notices.
Since appellant was not given notice of her right to file a writ petition, and since that failure of notice is ultimately attributable to an error of the court, appellant's claims of error are cognizable on appeal even though they would serve to undermine the referral order. (In re Cathina W., supra, 68 Cal.App.4th at p. 722, 80 Cal.Rptr.2d 480.)

II[**]

DISPOSITION
The orders of the juvenile court are affirmed.
MORRISON, J., and KOLKEY, J., concur.

*468 APPENDIX A
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II of the DISCUSSION.
[1] A DHHS form indicated appellant's address was at Sacramento New Main Jail. However, there was no indication this was appellant's permanent mailing address, nor were the requisite admonishments given.
[2] Section 366.26 subdivision (l) provides, in part: "(1) An order by the court that a hearing pursuant to this section be held is not appealable at any time unless all of the following applies:

"(A) A petition for extraordinary writ review was filed in a timely manner.
"(B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record.
"(C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits.
"(2) Failure to file a petition for extraordinary writ review within the period specified by rule, to substantively address the specific issues challenged, or to support that challenge by an adequate record shall preclude subsequent review by appeal of the findings and orders made pursuant to this section.
"(3) The Judicial Council shall adopt rules of court, effective January 1, 1995, to ensure all of the following:
"(A) A trial court, after issuance of an order directing a hearing pursuant to this section be held, shall advise all parties of the requirement of filing a petition for extraordinary writ review as set forth in this subdivision in order to preserve any right to appeal in these issues. This notice shall be made orally to a party if they are present at the time of the making of the order or by first-class mail by the clerk of the court to the last known address of a party not present at the time of the making of the order."
[3] Further references to rules are to the California Rules of Court.

Rule 1436.5(d) states, in relevant part:
"When the court orders a hearing under section 366.26, the court shall advise orally all parties present, and by first-class mail for parties not present, that if the party wishes to preserve any right to review on appeal of the order setting the hearing under section 366.26, the party is required to seek an extraordinary writ by filing a Notice of Intent to File Writ Petition and Request for Record form (JV-820) . . . and a Writ Petition  Juvenile form (JV-825)____ Within 24 hours of the hearing, notice by first class mail shall be provided by the clerk of the court to the last known address of any party who is not present when the court orders the hearing under section 366.26."
[4] Although use of this form does not appear to be mandatory, we believe the better practice is for trial courts to use the form to ensure compliance with section 316.1 and rule 1412(l).
[5] Rule 1412(l) provides in relevant part: "At the first appearance by a parent ... in proceedings under section 300 et seq., the court shall order the parent ... to provide a mailing address.

"(1) The court shall advise the parent ... that the mailing address provided will be used by the court, the clerk, and the social services agency for the purposes of notice of hearings and the mailing of all documents related to the proceedings.
"(2) The court shall advise the parent ... that until and unless the parent . . . submits written notification of a change of mailing address, the address provided will be used, and notice requirements will be satisfied by appropriate service at that address.
"(3) Judicial Council form Notification of Mailing Address/Change of Mailing Address (JV-140) is the preferred method of informing the court and the social services agency of the mailing address of the parent ... and change of mailing address.
"(A) The form shall be delivered to the parent . . . with the petition.
"(B) The form shall be available in the courtroom, in the office of the clerk, and in the offices of the social services agency."
[6] Indeed, the court made no attempt whatsoever to ascertain appellant's permanent mailing address.
[**] See footnote *, ante.