[No. E031213. Fourth Dist., Div. Two. Nov. 7, 2002.]

In re ATHENA P., a Person Coming Under the Juvenile Court Law.
RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL
SERVICES, Plaintiff and Respondent, v.
KIMBERLY S., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II.B.2.a., III. and IV.

620

**COUNSEL**

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

William C. Katzenstein, County Counsel, and Julie A. Koons, Deputy County Counsel, for Plaintiff and Respondent.

Lori A. Fields, under appointment by the Court of Appeal, for Minor.

## OPINION

**RICHLI, J.**—Kimberly S. appeals from an order terminating her parental rights to her infant daughter, Athena P. She contends:

1. The petition failed to state a cause of action, or, alternatively, the jurisdictional allegations of the petition were not supported by substantial evidence.

2. The juvenile court's denial of reunification services, based on its finding that they would be detrimental, was not supported by substantial evidence.

3. The juvenile court erred by finding that the "sibling relationship" exception to termination of parental rights did not apply.

In the published portion of this opinion, we will hold, as a threshold matter, that Kimberly can still raise her contentions regarding the jurisdictional allegations of the petition in this appeal from the order terminating parental rights. We will further hold, however, that, if the petition failed to state a cause of action, the error is harmless at this point and that there was substantial evidence to support jurisdiction.

In the nonpublished portion of this opinion, we find no other prejudicial error. Hence, we will affirm.

I

### FACTUAL AND PROCEDURAL BACKGROUND

#### A. *The Dependency Proceedings Regarding Athena's Older Half Siblings*

Kimberly S. has six children by her husband, Antonio S. As of 2000, Kimberly was living with her boyfriend, Thomas P. Four of her six children were living with them; the other two were living with Kimberly's parents (i.e., their maternal grandparents), Michael and Diana B.

On September 5, 2000, Thomas and Kimberly were arrested. All six children were detained. On September 7, 2000, the Riverside County Department of Public Social Services (the Department) filed a juvenile dependency petition regarding them. As subsequently amended, it alleged:

1. Failure to protect (Welf. & Inst. Code, § 300, subd. (b)), in that:

a. On September 5, 2000, while the children were in Kimberly's care, toxic chemicals and other items consistent with methamphetamine manufacturing had been found in a detached garage at the home;

b.  Kimberly abused controlled substances, thereby limiting her ability to provide the children with care, endangering their well-being, and creating "a detrimental home environment";

c.  Antonio had a history of mental illness, which impaired his ability to provide the children with adequate care, support, and/or protection;

2.  Failure to provide for support (Welf. & Inst. Code, § 300, subd. (g)), in that Kimberly was incarcerated, her release date was unknown, and she was unable to provide the children with care and support; and

3.  Abuse of a sibling (Welf. & Inst. Code, § 300, subd. (j))—solely as to the two children already living with their grandparents—in that the other children had been neglected, as defined in Welfare and Institutions Code section 300, subdivision (b).

Eventually, Kimberly was convicted of manufacturing methamphetamine and felony child endangerment and sentenced to three years in prison. Her expected release date was May 15, 2002. Thomas was likewise convicted of manufacturing methamphetamine and felony child endangerment and sentenced to six years in prison. He expected to become eligible for parole in 2004.

On December 12, 2000, the juvenile court sustained the petition. It formally removed all six children from Kimberly's custody; they were placed with the maternal grandparents. It ordered reunification services for Kimberly.

B.  *The Dependency Proceedings Regarding Athena*

When Kimberly was arrested, she was pregnant with a seventh child, this one by Thomas. While in prison, she gave birth to Athena. She sent Athena to live with the grandparents. She attempted to create some kind of formal custody arrangement—possibly a temporary legal guardianship—by signing certain unspecified documents; these documents, however, were never filed.

Because Athena's siblings were dependents, and because "there [we]re no [c]ourt issued documents authorizing [Athena's] current placement," the Department decided to file a juvenile dependency petition as to Athena. On March 6, 2001, Athena was "detained" but "placed" with the grandparents. On March 8, 2001, the Department filed a petition as to Athena under the same case number as her siblings. As subsequently amended, it alleged:

1.  Failure to protect (Welf. & Inst. Code, § 300, subd. (b)), in that Thomas had an extensive criminal history and was serving a six-year prison sentence, leaving Athena without care, support, or protection; and

2.   Failure to provide for support (Welf. & Inst. Code, § 300, subd. (g)), in that:

a.   Kimberly was incarcerated, her release date was unknown, and she was unable to provide Athena with care and support; and

b.   Thomas was incarcerated, his release date was unknown, and he was unable to provide Athena with care and support; and

3.   Abuse of a sibling (Welf. & Inst. Code, § 300, subd. (j)), in that a petition alleging that the other six children had been neglected, as defined in Welfare and Institutions Code section 300, subdivision (b), had been found to be true.

On June 12, 2001, at a contested jurisdictional hearing, the juvenile court sustained the allegations of the petition.

On August 22, 2001, at a contested dispositional hearing, the juvenile court formally removed Athena from her parents' custody. Finding that reunification services would be detrimental to Athena, it ordered that they not be provided. It set a hearing pursuant to Welfare and Institutions Code section 366.26 (section 366.26 hearing).

Kimberly did not personally attend the dispositional hearing. The clerk was therefore required to give her mailed notice of the requirement of filing a petition for extraordinary writ review. (Welf. & Inst. Code, § 366.26, subd. (*l*)(3)(A); Cal. Rules of Court, rules 1435(e), 1436.5(d).) The clerk failed to do so.

In November 2001, the social worker reported that the grandparents wanted to adopt Athena. They were also considering either adopting or becoming the legal guardians of the other six children.

On February 26, 2002, at a contested section 366.26 hearing, the juvenile court found that Athena was adoptable. It further found that termination of parental rights would not be detrimental to her. It therefore terminated parental rights.

II

FAILURE TO STATE A CAUSE OF ACTION

Kimberly contends the petition failed to state a cause of action, or, alternatively, the juvenile court's jurisdictional finding was not supported by

substantial evidence. Essentially, she argues she did not fail to support Athena within the meaning of Welfare and Institutions Code section 300, subdivision (g) because she provided for Athena's support by leaving her with the grandparents. She also contends her attorney's failure to challenge the petition on this ground constituted ineffective assistance of counsel.

## A. *Appealability*

■ Preliminarily, the Department argues that Kimberly cannot challenge the jurisdictional findings in this appeal from the order terminating parental rights.

■ " 'Generally speaking, under the one final judgment rule, interlocutory or interim orders are not appealable, but are only "reviewable on appeal" from the final judgment.' [Citations.]" (*In re Matthew C.* (1993) 6 Cal.4th 386, 393 [24 Cal.Rptr.2d 765, 862 P.2d 765], quoting *Rao v. Campo* (1991) 233 Cal.App.3d 1557, 1565 [285 Cal.Rptr. 691].) "Code of Civil Procedure section 906, which applies in dependency cases [citation], states: 'Upon an appeal [from a final judgment or a postjudgment order], the reviewing court may review the verdict or decision *and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party . . . .*' (Italics added.)" (*In re Brittany S.* (1993) 17 Cal.App.4th 1399, 1404 [22 Cal.Rptr.2d 50].) "If an order is appealable, however, and no timely appeal is taken therefrom, the issues determined by the order are res judicata. [Citation.]" (*In re Matthew C., supra*, at p. 393.)

" 'The first appealable order in the dependency process is the dispositional order. [Citation.]' " (*In re Daniel K.* (1998) 61 Cal.App.4th 661, 668 [71 Cal.Rptr.2d 764], quoting *In re Benjamin E.* (1996) 44 Cal.App.4th 71, 76 [51 Cal.Rptr.2d 584].) The jurisdictional order is interlocutory and not appealable. Hence, under these general rules, any challenge to the jurisdictional findings would have to be raised in an appeal from the dispositional order. (*In re Sheila B.* (1993) 19 Cal.App.4th 187, 196 [23 Cal.Rptr.2d 482]; *In re Tracy Z.* (1987) 195 Cal.App.3d 107, 112 [240 Cal.Rptr. 445].) Failure to appeal from an appealable dispositional order waives any substantive challenge to the jurisdictional findings. (*In re Megan B.* (1991) 235 Cal.App.3d 942, 949-950 [1 Cal.Rptr.2d 177].) It might even waive any claim of ineffective assistance of counsel arising out of the jurisdictional hearing. (Compare *In re S. D.* (2002) 99 Cal.App.4th 1068, 1079-1082 [121 Cal.Rptr.2d 518] with *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1151-1160 [65 Cal.Rptr.2d 913].)

■ Here, however, at the dispositional hearing, the juvenile court did not merely remove Athena from Kimberly's custody; it also denied reunification services and set a section 366.26 hearing. "When the referral order is

made at the dispositional hearing, the traditional rule favoring the appealability of dispositional orders yields to the statutory mandate for expedited review." (*Anthony D. v. Superior Court* (1998) 63 Cal.App.4th 149, 155 [73 Cal.Rptr.2d 479].) The dispositional order therefore was not appealable. It could be reviewed, if at all, only by way of a writ petition. (*In re Rashad B.* (1999) 76 Cal.App.4th 442, 447-448 [90 Cal.Rptr.2d 462]; *Anthony D. v. Superior Court, supra*, at p. 156; *In re Rebekah R.* (1994) 27 Cal.App.4th 1638, 1646-1647 [33 Cal.Rptr.2d 265].)

■ Much like failure to appeal from an appealable dispositional order, failure to take a writ from a nonappealable dispositional order waives any challenge to it. (Welf. & Inst. Code, § 366.26, subd. (*l*)(1), (2); Cal. Rules of Court, rules 39.1B(d) & (e), 1436.5(b) & (c), 1456(f)(14)-(16), 1460(f)(3)-(5), 1461(d)(6)-(8), 1462(b)(7)-(9); *In re Rashad B., supra*, 76 Cal.App.4th at pp. 447-448.) But there is one exception to this rule. The juvenile court is required to advise a parent of the writ petition requirement. (See Welf. & Inst. Code, § 366.26, subd. (*l*)(3)(A); Cal. Rules of Court, rules 1435(e), 1436.5(d).) If it fails to do so, in most cases the parent has good cause to be relieved of the requirement. Thus, even though the parent failed to file a writ petition, he or she can still challenge, on appeal, the order setting a section 366.26 hearing. (*In re Maria S.* (2000) 82 Cal.App.4th 1032, 1038 [98 Cal.Rptr.2d 655]; *In re Rashad B., supra*, at pp. 446-450; *In re Cathina W.* (1998) 68 Cal.App.4th 716, 719-724, 726 [80 Cal.Rptr.2d 480].)

■ In this case, when the juvenile court set a section 366.26 hearing regarding Athena, it failed to advise Kimberly of the writ petition requirement. The Department concedes that, as a result, Kimberly is free to challenge the dispositional order. We agree. (Meanwhile, in the proceedings regarding the other six children, the juvenile court had not yet set a section 366.26 hearing, and therefore it had not yet gotten to the point of giving this advice; thus, we need not decide whether advising Kimberly of the writ petition requirement with respect to the other six children would suffice with respect to Athena.)

It is unclear whether failure to take a writ from a nonappealable dispositional order would also waive any challenge to earlier interlocutory rulings. We need not decide this issue. If the general rule applies, and hence Kimberly can challenge earlier interlocutory rulings in an appeal from the first appealable order, that is exactly what she did. In this case, neither the jurisdictional order nor the dispositional order was appealable. The first appealable order was the order after the section 366.26 hearing, terminating parental rights. Thus, she can challenge the jurisdictional order in this appeal. If, on the other hand, the preference for expedited review prevails

over the general rule, and hence Kimberly should have challenged the jurisdictional order by taking a writ from the dispositional order, she was not advised of the writ requirement; thus, again, she can challenge the jurisdictional order in this appeal.

### B. *Jurisdiction*

The juvenile court found jurisdiction under Welfare and Institutions Code section 300, subdivisions (b), (g) and (j). From here on undesignated references to subdivisions will be to subdivisions of this section.

Subdivision (g), as relevant here, applies when: "The child has been left without any provision for support; . . . the child's parent has been incarcerated or institutionalized and cannot arrange for the care of the child; or a relative or other adult custodian with whom the child resides or has been left is unwilling or unable to provide care or support for the child, the whereabouts of the parent are unknown, and reasonable efforts to locate the parent have been unsuccessful."

### 1. *Failure to State a Cause of Action*

As already noted, Kimberly contends the petition failed to state a cause of action. We question whether she can still raise this contention. There is a split of authority on this point.

One case held that an inadequate petition requires reversal, regardless of the sufficiency of the evidence at the jurisdictional hearing. (*In re Alysha S.* (1996) 51 Cal.App.4th 393, 396-400 [58 Cal.Rptr.2d 494].) It reasoned that: "In the analogous civil context, such claim may be raised on appeal in the first instance. ' "If the party against whom a complaint or a cross-complaint has been filed fails to object to the pleading, either by demurrer or answer, that party is deemed to have waived the objection unless it is . . . an objection that the pleading does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.80, subd. (a) . . . .)' [Citation.]" (*Id.* at p. 397, quoting *Walton v. City of Red Bluff* (1991) 2 Cal.App.4th 117, 130 [3 Cal.Rptr.2d 275].)

A later case, however, held that, if the jurisdictional findings are supported by substantial evidence, the adequacy of the petition is irrelevant. (*In re Jessica C.* (2001) 93 Cal.App.4th 1027, 1036-1038 [113 Cal.Rptr.2d 597] [Fourth Dist., Div. Three].) The only exception would be when the parent is claiming that the petition failed to provide adequate notice of the factual

allegations against him or her. (See *id.* at p. 1037; see also *In re Jeremy C.* (1980) 109 Cal.App.3d 384, 397 [167 Cal.Rptr. 283].)[1]

*Alysha S.*'s analogy to civil cases has been criticized: "[R]ules applicable to civil cases are not applicable to dependency actions unless expressly made so. 'Dependency proceedings in the juvenile court are special proceedings governed by their own rules and statutes. [Citations.] Unless otherwise specified, the requirements of the Civil Code and the Code of Civil Procedure do not apply. [Citations.]' [Citation.]" (*In re Shelley J., supra,* 68 Cal.App.4th at p. 328, quoting *In re Jennifer R.* (1993) 14 Cal.App.4th 704, 711 [17 Cal.Rptr.2d 759].)

But, more fundamentally, *Alysha S.* also ignored standard harmless error principles. ▇ Under the California Constitution, "[n]o judgment shall be set aside . . . for any error as to any matter of pleading . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) This provision applies to civil, criminal, and dependency proceedings alike.

"While a failure to state a cause of action may be raised at anytime, during trial or appeal, reversal of a judgment on that ground is justified and required only if the error resulted in a miscarriage of justice. [Citations.]" (*County of Riverside v. Loma Linda University* (1981) 118 Cal.App.3d 300, 319-320 [173 Cal.Rptr. 371] [Fourth Dist., Div. Two].) "[E]ven though a complaint is defective in some particular, if the case is tried on the theory that it is sufficient and evidence accordingly is received without objection, the unsuccessful party cannot later effectively contest the sufficiency of the pleading. [Citations.]" (*McClure v. Donovan* (1949) 33 Cal.2d 717, 731-732 [205 P.2d 17].) "[I]f [a] demurrer raises a fundamental defect of substance which cannot be cured, it is of course reversible error to overrule it. But if the defect, even though consisting of a failure to state a cause of action, is one of form, the usefulness of the demurrer seldom extends beyond the trial court." (*Page v. Page* (1962) 199 Cal.App.2d 527, 532 [18 Cal.Rptr. 897].)

Here, Kimberly never challenged the technical sufficiency of the petition below. We need not decide, however, whether this constituted a waiver. She does not claim the petition gave her prejudicially inadequate notice of the

---

[1]Rather startlingly, the Sixth District seems to have straddled both sides of this debate. (Compare *In re Shelley J.* (1998) 68 Cal.App.4th 322, 328-329 [79 Cal.Rptr.2d 922] [failure to state cause of action is waived if not raised below; *Alysha S.* "was wrongly decided"] with *In re Nicholas B.* (2001) 88 Cal.App.4th 1126, 1132-1137 [106 Cal.Rptr.2d 465] [failure to state cause of action requires reversal regardless of sufficiency of evidence, citing *Alysha S.*; no mention of *Shelley J.*].)

factual allegations against her. If the evidence at the jurisdictional hearing was insufficient, Kimberly can seek reversal on that ground. But if the evidence was sufficient to support the juvenile court's findings, any failure of the petition to state a cause of action became harmless error. Either way, the only issue before us is the sufficiency of the evidence at the jurisdictional hearing.

Kimberly also contends her appointed counsel rendered ineffective assistance by failing to challenge the sufficiency of the petition. ■ "Where the ineffective assistance concept is applied in dependency proceedings . . . [f]irst, there must be a showing that 'counsel's representation fell below an objective standard of reasonableness . . . [¶] . . . under prevailing professional norms.' [Citations.] Second, there must be a showing of prejudice, that is, [a] 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citation.]" (*In re Emilye A.* (1992) 9 Cal.App.4th 1695, 1711 [12 Cal.Rptr.2d 294] [Fourth Dist., Div. Two], quoting *Strickland v. Washington* (1984) 466 U.S. 668, 688, 694 [104 S.Ct. 2052, 2064-2065, 2068, 80 L.Ed.2d 674.)

If the Department was able to introduce sufficient evidence of jurisdiction, then Kimberly's counsel could reasonably decide not to challenge the sufficiency of the petition. Such a challenge would have resulted, at best, in an amended petition and, at worst, in alerting the Department to the issue. On the other hand, if the Department was not able to introduce sufficient evidence of jurisdiction, then trial counsel's failure to challenge the sufficiency of the petition was not prejudicial, because Kimberly can still obtain reversal on that ground. Thus, once again, we need only consider the sufficiency of the evidence at the jurisdictional hearing. We turn now to this issue.

## 2. *The Sufficiency of the Evidence*

### a. *Waiver**

. . . . . . . . . . . . . . . . . . . . . . . . .

### b. *Analysis*

■ " 'In reviewing the sufficiency of the evidence, our review requires that all reasonable inferences be given to support the findings and orders of the juvenile court and the record must be viewed in the light most favorable

*See footnote, *ante*, page 617.

to those orders. [Citation.]' " (*In re Tania S.* (1992) 5 Cal.App.4th 728, 733 [7 Cal.Rptr.2d 60], quoting *In re Samkirtana S.* (1990) 222 Cal.App.3d 1475, 1487 [272 Cal.Rptr. 489].) "Evidence sufficient to support the court's finding must be reasonable in nature, credible, and of solid value; it must actually be substantial proof of the essentials that the law requires in a particular case. [Citation.]" (*In re N. S.* (2002) 97 Cal.App.4th 167, 172 [118 Cal.Rptr.2d 259].) "[W]e . . . must uphold the trial court's findings unless it can be said that no rational factfinder could reach the same conclusion. [Citation.]" (*In re Heather B.* (1992) 9 Cal.App.4th 535, 563 [11 Cal.Rptr.2d 891].)

██  Kimberly relies on *In re S. D., supra,* 99 Cal.App.4th 1068. There, the parents left the child with a relative while they went out to dinner. (*Id.* at p. 1071.) The police arrested the relative on an outstanding warrant and took the child into custody. The next day, the mother was also arrested, on unrelated charges; the father left the state. The mother wanted one of her sisters to take the child while she was incarcerated. (*Id.* at pp. 1072-1073.) At the jurisdictional hearing, the juvenile court sustained the petition based on subdivision (g). (*In re S. D., supra,* at p. 1074.) The social services agency placed the child with the sister and recommended that the sister adopt the child. (*Id.* at p. 1076.)

The appellate court reversed. It held that the subdivision (g) allegation was unsupported: "[The social services agency] had pleaded and proved only that [the mother] had been incarcerated, but not that she was *unable to arrange for care* of [the child]." (*In re S. D., supra,* 99 Cal.App.4th at p. 1077; see also *id.* at pp. 1077-1079.) "[The mother] had not one, but two sisters who had expressed an immediate willingness to take [the child] in the wake of her incarceration. One of them . . . flew out from Missouri to seek custody of [the child] at the detention hearing, and immediately thereafter took [the child] back to Missouri with her. The record strongly suggests she remained willing to take [the child] during the entire pendency of this case. Those facts alone would be sufficient to compel a conclusion that [the mother] was in a position to *arrange* for [the child]'s care." (*Id.* at p. 1078.)

There is a significant difference between this case and *S. D.*: Here, Kimberly *tried* to make the grandparents Athena's temporary legal guardians, but failed. As far as the record shows, she never made any further effort to do so. The grandparents got custody as a matter of fact, but not as a matter of law. As a result, they had no authority to consent to medical treatment for Athena. Legally, they could not so much as authorize her necessary childhood vaccinations. They had no authority to enroll her in day care or in school. If she wandered away or got lost, they could not prove that they were entitled to have her returned to them. These were all aspects of the "care" of

a preschool child. The juvenile court could properly conclude that Kimberly had been unable and remained unable to arrange for Athena's care.

By contrast, in *S. D.*, the social worker conceded that the mother's failure to give the babysitter a medical consent form, when she thought she was just going out to dinner, was not a basis for jurisdiction. (*In re S. D., supra*, 99 Cal.App.4th at p. 1074.) Moreover, the mother had never tried to give her sister legal custody; the dependency had intervened, making it unnecessary to do so. Thus, there was every reason to assume she could still make appropriate custody arrangements.

In sum, because Kimberly left Athena with the grandparents but failed to give them legal custody, the juvenile court could reasonably find that she was unable to arrange care. Thus, the juvenile court's finding that it had jurisdiction under subdivision (g) was supported by substantial evidence. Accordingly, we need not decide whether there was also substantial evidence to support its alternative jurisdictional findings under subdivisions (b) and (j).

For the same reason, a reasonable attorney could have decided not to contest jurisdiction. Moreover, we cannot say her attorney's decision prejudiced Kimberly; on this record, it appears that, if she had insisted on a contested hearing, the juvenile court would still have found jurisdiction on the same ground. Thus, Kimberly's attorney did not render ineffective assistance of counsel by failing to contest jurisdiction.

### III, IV*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### V

### DISPOSITION

The order appealed from is affirmed.

Ramirez, P. J., and McKinster, J., concurred.

A petition for a rehearing was denied November 27, 2002, and appellant's petition for review by the Supreme Court was denied February 15, 2003.

---

*See footnote, *ante*, page 617.