Filed 10/22/20  I.N. v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| I.N., | |
| Petitioner, | E075586 |
| v. | (Super.Ct.No. J281928) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Annemarie G. Pace, Judge.  Petition denied.

Law Offices of Vincent W. Davis & Associates and Vincent W. Davis for Petitioner.

No appearance for Respondent.

Michelle D. Blakemore, County Counsel, and David Guardado, Deputy County Counsel for Real Party In Interest.

The juvenile court took jurisdiction over K.S. and removed her from her parents' custody after the child tested positive for methamphetamine. The court also designated I.N., the child's maternal great-grandmother (MGG), a de facto parent. San Bernardino County Children and Family Services (CFS) placed the child with MGG and later filed a petition to change K.S.'s placement under Welfare and Institutions Code section 387. (Unlabeled statutory citations refer to this code.) At the hearing on the section 387 petition, the court removed the child from MGG's home. MGG challenges that removal order in the instant petition for extraordinary writ, which she filed under section 366.26, subdivision (*l*). We deny the petition.

## BACKGROUND

MGG had cared for K.S. since the child was one month old. B.W. (mother) had postpartum depression and a history of methamphetamine use; K.S.'s father was not in the child's life. MGG and J.N. (maternal great-uncle) were K.S.'s primary caregivers.

In August 2019, CFS received a referral alleging severe neglect of 11-month-old K.S. MGG had left K.S. in mother's care while MGG took her husband to a medical appointment. Later that night, the child exhibited unusual behavior and vomited. MGG took K.S. to the hospital, and the child tested positive for methamphetamine. CFS obtained a warrant, detained the child, and placed her with nonrelative extended family members.

CFS filed a petition under section 300, subdivisions (b)(1) and (g). In September 2019, the juvenile court found true allegations that the parents had unresolved substance abuse problems, mother had an untreated mental health condition, and K.S. had suffered serious physical harm or illness because of mother's failure to adequately supervise or protect her. The court declared K.S. a dependent of the court, removed her from the parents' custody, and ordered reunification services for both parents. The court placed the child in the care, custody, and control of CFS. After making the jurisdictional and dispositional findings and orders, the court granted MGG's request for de facto parent status.

In November 2019, CFS placed K.S. with MGG and her husband on the condition that maternal great-uncle not live in the home. The social worker's contemporaneous report did not disclose why the condition was necessary.

In June 2020, CFS filed a supplemental petition under section 387 alleging that "[t]he previous disposition ha[d] not been effective in the protection or rehabilitation" of K.S. More specifically, CFS alleged that maternal great-grandparents were unwilling to protect K.S. from maternal great-uncle, given that maternal great-uncle had been in the home and that K.S. was seen at his motel room. CFS also alleged that maternal great-grandparents were unable to adequately supervise K.S. without maternal great-uncle's assistance. MGG filed an "Objection to Removal" (Judicial Council form JV-325).

The six-month review hearing occurred later in June 2020. The court terminated the parents' reunification services and set the matter for a selection and implementation hearing (the setting order) under section 366.26.

3

The court scheduled a combined hearing on the section 387 petition and MGG's objection to removal. In preparation for that hearing, the social worker reported that maternal great-uncle had a criminal history. In 1999, he was charged with two counts of furnishing a controlled substance to a minor (Health & Saf. Code, § 11380, subd. (a)), one count of sexual penetration of an unconscious victim (Pen. Code, § 289, subd. (d)), one count of lewd or lascivious acts with a 14- or 15-year-old child (Pen. Code, § 288, subd. (c)(1)), and one count of possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)).

According to the police reports, a friend asked maternal great-uncle to watch over her 15-year-old daughter and 16-year-old son while she was out of town. Maternal great-uncle was 27 years old at the time. The teenagers reported that maternal great-uncle gave them methamphetamine and ingested it with them. The girl reported that maternal great-uncle also watched pornography with her brother and sexually assaulted her while she was asleep. Maternal great-uncle pled guilty to one count of furnishing a controlled substance to a minor in exchange for dismissal of the remaining charges. The criminal court sentenced him to prison for nine years, suspended execution of sentence, and placed him on probation for three years. In September 2019, maternal great-uncle petitioned the court to withdraw his guilty plea and dismiss the charges (Pen. Code, § 1203.4), and the court granted the petition.

The combined hearing on the section 387 petition and the objection to removal occurred on August 26, 2020. MGG and the social worker testified. The court found true the allegation that maternal great-grandparents were unwilling to protect K.S. from

4

maternal great-uncle.  It found not true the allegation that maternal great-grandparents were unable to adequately supervise K.S. without maternal great-uncle's assistance.  The court found that the previous disposition had not been effective in protecting K.S. and removed her from maternal great-grandparents' custody.  The court noted that the matter was "already set" for a section 366.26 hearing on October 20, 2020, and it advised maternal great-grandparents of their purported writ rights.

MGG filed a notice of intent to file a writ petition.  The notice stated that she was seeking review of a setting order made on August 26, 2020.

### DISCUSSION

"'In dependency proceedings, the order entered at the dispositional hearing is a final judgment and thus is an appealable order.  [Citations.]'  [Citation.]  As a general rule, 'any subsequent order may be appealed as an order after judgment.'"  (*A.M. v. Superior Court* (2015) 237 Cal.App.4th 506, 512, quoting § 395, subd. (a).)  An order sustaining a petition under section 387 and removing a child from the child's placement falls under the general rule:  It is appealable.  (*In re Javier G.* (2005) 130 Cal.App.4th 1195, 1201; *In re Christopher B.* (1996) 43 Cal.App.4th 551, 556, fn. 2.)

The setting order is an exception to the general rule.  (*In re Athena P.* (2002) 103 Cal.App.4th 617, 625.)  Such an order is reviewable by petition for extraordinary writ.  (§ 366.26, subd. (l).)  Rule 8.452 of the California Rules of Court (rule 8.452) governs those writ petitions.

Here, MGG purports to seek writ review of "the order removing the child from [her] *and* setting a hearing under" section 366.26.  (Italics added.)  But the court made its

setting order in June 2020 at the six-month review hearing, months before the order removing K.S. from MGG's home. At the hearing on the section 387 petition, the court merely noted that the matter was "already set" for a section 366.26 hearing. And in substance, the petition challenges only the court's removal order. Accordingly, the special provisions for writ review of setting orders do not authorize the instant petition.

Even if we were to construe MGG's petition as one for a writ of mandate or prohibition, the petition would fail. The removal order is an appealable order. MGG fails to demonstrate that an appeal is not a "plain, speedy, and adequate remedy." (Code Civ. Proc., §§ 1086, 1103, subd.(a); see also *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

Moreover, even if we were to reach the substance of MGG's petition, we would conclude that her argument lacks merit. Under section 387, the court may change a child's placement when the existing placement has not been effective in protecting the child or the relative placement is no longer appropriate in view of the criteria in section 361.3. (§ 387, subds. (a), (b); see *In re A.O.* (2004) 120 Cal.App.4th 1054, 1061.) Section 361.3 sets forth over a dozen factors and subfactors for evaluating relative placements. (§ 361.3, subd. (a).) The juvenile court's findings and orders on a section 387 petition are reviewed for substantial evidence. (*In re A.O.*, *supra*, at p. 1061.)

MGG fails to demonstrate that the record lacks substantial evidence to support the court's removal order. She argues that the court did not consider K.S.'s best interest. But the child's best interest was only one of numerous factors that the court was bound to consider in evaluating relative placement. (§ 361.3, subd. (a).) MGG does not address

6

the numerous other relevant factors and show that, in view of all the factors, there was not substantial evidence to support the court's order.

In sum, the provisions for writ review of setting orders do not authorize MGG's petition—she is not challenging a setting order—and she has not demonstrated that she is entitled to another type of writ relief. Even if we were to consider the merits of her challenge, her argument fails.[1]

### DISPOSITION

The writ petition is denied. The previously ordered stay is lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ           

J.

We concur:

MILLER           
            Acting P. J.

RAPHAEL          
               J.

---

[1] Because MGG's petition fails on the multiple grounds we have identified, we need not address CFS's arguments that the change in the child's placement did not require a section 387 petition and that the decision to remove the child from MGG is reviewed for abuse of discretion. The different standard of review would not affect the outcome in this matter.