Filed 11/4/20  In re Angel V. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re ANGEL V., a Person Coming Under Juvenile Court Law. | B302405 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. CK92098) |
| Plaintiff and Respondent, | |
| v. | |
| WENDY V., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jana Seng, Judge.  Dismissed.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the County Counsel, Mary C. Wickham, County Counsel, Kristine Miles, Assistant County Counsel, and Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

---

## INTRODUCTION

In an order dated October 2, 2019, the juvenile court terminated the parental rights of appellant Wendy V. (Mother) over minor Angel V. (born October 2005), pursuant to Welfare and Institutions Code section 366.26 (Section 366.26). Mother purports to appeal from this order, but her sole argument on appeal is that the court erred in issuing an order nearly two years earlier, on November 7, 2017, terminating family reunification services and setting the Section 366.26 hearing. As both parties acknowledge, on appeal from an order terminating parental rights under Section 366.26, an appellant may not seek review of the order setting the Section 366.26 hearing unless she has previously filed a petition for extraordinary writ challenging the setting order. (Welf. & Inst. Code, § 366.26, subd. (l)(1)(A).)[1] In May 2020, the Los Angeles County Department of Children and Family Services (DCFS) filed a motion to dismiss Mother's appeal. We deferred ruling on

---

[1] All further statutory references are to the Welfare and Institutions Code.

the motion until the appeals were fully briefed. Because we find no good cause excused Mother's failure to file the petition for extraordinary writ, Mother is barred from challenging the November 7, 2017 order. We therefore grant DCFS's motion to dismiss.

## STATEMENT OF RELEVANT FACTS

In July 2016, DCFS filed a petition under section 300, subdivisions (a) and (b)(1), alleging Mother had "a history of engaging in violent and assaultive behavior" in Angel's presence, and had mental and emotional problems. The court found a prima facie case to detain Angel and released him to his maternal grandparents (Mother's mother and stepfather). In September 2016, the original petition was amended to add an additional count under section 300, subdivision (b), alleging Mother's drug and alcohol use endangered Angel.

On July 19, 2016, Mother filed a JV-140 form listing her mailing address as the grandparents' home in Burbank. On October 7, 2016, DCFS was informed that the grandparents had been "turning away" Mother's mail. A notice of an October 24, 2016 hearing sent to the Burbank address was returned to DCFS. The court was informed of this in two last minute information reports before the October 24 hearing.

On October 24, 2016, the court found jurisdiction over Angel under section 300, subdivision (b), removed him from Mother, and released him to his maternal grandmother. The

3

court ordered family reunification services. Mother challenges neither the jurisdictional nor dispositional orders.

In April 2017, three weeks before the six-month review hearing, DCFS spoke with Mother, who stated she had been renting an attic in Highland Park. DCFS sent notice of the six-month review hearing to an address Mother provided on North Avenue 65 in Highland Park, and the status review report for that hearing listed Mother's address as the one on North Avenue 65. Mother appeared at the six-month review hearing.

DCFS also served Mother notice of the 12-month review hearing (to be held on November 7, 2017) at the North Avenue 65 address, and the status review report for that hearing again listed Mother's address as on North Avenue 65. Mother did not appear at that hearing, and the court terminated reunification services and set a Section 366.26 hearing. The next day, the court clerk sent notice to Mother at the North Avenue 65 address. Among the material sent was a notice advising Mother that "[t]he case involving you and your child has been set for a hearing pursuant to section 366.26 . . . . [¶] You are advised that if you wish to preserve your right to appeal the order setting the hearing under section 366.26 WIC, you are required to seek an extraordinary writ . . . ." The notice also set forth the deadlines and procedures to do so. On November 23, 2017, the court's notice was returned, marked "RETURN TO SENDER [¶] ATTEMPTED - NOT KNOWN [¶] UNABLE

4

TO FORWARD."[2]  Mother did not file a petition seeking extraordinary writ.

On October 2, 2019, the court terminated Mother's parental rights to Angel.  In November 2019, Mother filed a notice of appeal, specifying the order appealed from as the "October 2, 2019 Termination of Parental Rights."  On appeal however, her sole contention of error is that "the court erred on November 7, 2017 when it terminated [Mother]'s reunification services and set a section 366.26 hearing" because Mother "did not receive 12 months of reunification services."[3]

In May 2020, DCFS filed a motion to dismiss the appeal, citing, inter alia, Mother's failure to challenge the

---

[2]  On December 14, 2017, the court mailed a notice to appear to Mother at the Burbank Address listed on her JV-140 form. That notice was returned marked "RETURN TO SENDER [¶] NOT DELIVERABLE AS ADDRESSED [¶] UNABLE TO FORWARD."

[3]  Even had Mother shown good cause excusing her failure to seek writ review, she would not be entitled to relief.  As noted, her notice of appeal identified only the October 2, 2019 order -- issued nearly two years after the one she now purports to challenge.  Moreover, had she properly identified the November 7, 2017 order, she forfeited her right to challenge the adequacy or duration of reunification services by failing to raise the argument below.  Finally, even had she shown error, she could not show prejudice: the record reveals she barely participated in the services provided, tested positive for drugs multiple times, failed to appear for testing multiple times, and did not visit her son when she was out of custody.

termination of reunification services by extraordinary writ. In June 2020, we deferred ruling on the motion until the matter was fully briefed.

## DISCUSSION

No party may seek review of an order setting a Section 366.26 hearing unless she previously filed a timely petition for extraordinary writ challenging that order. (*In re Cathina W.* (1998) 68 Cal.App.4th 716, 720 ["An aggrieved party may seek review of the setting order by appeal from the order subsequently made at the section 366.26 hearing, but only if . . . the party filed a timely petition for extraordinary writ review of the setting order"]; § 366.26, subd. (l)(1) ["An order by the court that a hearing pursuant to this section be held is not appealable at any time unless . . . [¶] . . . [a] petition for extraordinary writ review was filed in a timely manner"].) Therefore, unless good cause exists to relieve Mother of this requirement, the order setting the Section 366.26 hearing is unreviewable.

"When the court orders a hearing under [Section 366.26], the court must advise . . . the child's parent . . . that if the party wishes to preserve any right to review on appeal of the order setting the hearing under [Section 366.26], the party is required to seek an extraordinary writ . . . . [¶] . . . [¶] . . . If a party is not present when the court orders a hearing under section 366.26, within 24 hours of the hearing, the advisement must be made by the clerk of the court by first-class mail to the last known address of the

6

party . . . ." (Cal. Rules of Court, rule 5.590(b)(2); § 366.26, subd. (l)(3)(A)(ii) [same].) If the court fails to comply with this rule, "in most cases the parent has good cause to be relieved of the requirement. Thus, even though the parent failed to file a writ petition, he or she can still challenge, on appeal, the order setting a section 366.26 hearing." (*In re Athena P.* (2002) 103 Cal.App.4th 617, 625.)

Mother contends she has demonstrated good cause to be relieved of the writ requirement because the court was required to send an advisement of the necessity to file a writ to the Burbank address listed on her JV-140 form, which it did not do. But the rule requires notice to be sent to the party's "last known address," not the address listed on the JV-140 form. (Cal. Rules of Court, rule 5.590(b)(2); § 366.26, subd. (l)(3)(A)(ii) [same].)

We agree with the reasoning set forth in *In re A.H.* (2013) 218 Cal.App.4th 337, on which Mother purports to rely. There, the mother had filed a JV-140 form designating an address in San Jose. (*In re A.H.*, *supra*, 341.) But the status report for the 18-month review hearing "stated a Campbell address for mother." (*Ibid.*) When the juvenile court subsequently terminated family reunification services and set a hearing under Section 366.26 outside the mother's presence, notice of the writ requirement was mailed to the Campbell address. (*In re A.H.*, at 344.) The notice was returned to the court stamped: "'Return to Sender [¶] [mother's name] [¶] [S. Market Street address] [¶] Return to Sender.'" (*Id.* at 345.) On appeal, the mother argued she

7

should be excused from her failure to file a petition for extraordinary writ because she was not properly advised of the requirement to do so. (*Id.* at 346-347.) The appellate court disagreed, finding that although "the clerk mailed a Notice of Intent to File Writ packet to mother at her Campbell address (reported in the Jan. 2012 status review report for the 18-month review) instead of the designated permanent mailing address [on the JV-140 form] . . . [i]t can be inferred that the Campbell address was mother's last known address." (*Id.* at 349.) Although the juvenile court never mailed the notice to the address designated on the JV-140 form, the Court of Appeal nevertheless concluded the mother had not shown good cause to excuse the writ requirement and declined to consider her contentions concerning the order terminating family reunification services and setting a Section 366.26 hearing. (*Id.* at 349, 351.)

Mother's other authorities do not assist her. In *In re A.A.* (2016) 243 Cal.App.4th 1220, the appellate court found the juvenile court did not comply with the notice requirement by sending the notice to an address the court knew was no longer valid. (*Id.* at 1243 [notice did not comply with rule because "juvenile court knew for almost seven months that neither mother nor the father lived at the 6th Street address, yet the court clerk mailed the advisement of writ review rights to that address"].) Here, nothing in the record suggests the court knew the North Avenue 65 address was no longer good. In *In re J.R.* (2019)

8

42 Cal.App.5th 513, the court held that a juvenile court complied with the notice requirement by sending the notice to the address specified on the JV-140 form when it had no reason to know the mother had a different address.  (*In re J.R.*, *supra*, at 528.)  But *In re J.R.* did not hold that the *only* way for a juvenile court to comply with the notice requirement was to mail the notice to the address listed on the JV-140 form.

As in *In re A.H.*, the juvenile court here mailed Mother the requisite notice at the address set forth in the status report submitted for the hearing (i.e., the North Avenue 65 address).  This was the same address listed for Mother in the status report submitted for the six-month review hearing, and the same address to which notice for the six-month review hearing had been sent; Mother appeared at that hearing.  Further, the court had previously been advised that the address appearing on Mother's JV-140 form (the Burbank address) was no longer valid -- that address belonged to the maternal grandparents, and they had been "turning away" mail sent to Mother.[4]  On these facts, we find the court complied with the requirement to send notice of the writ requirement to Mother's "last known address."  (Cal. Rules of Court, rule 5.590(b)(2).)  Mother has failed to demonstrate good cause to excuse her failure to file a

---

[4]     An October 2016 notice sent to her at the Burbank address had been returned to sender.  A subsequent December 2017 notice was returned as well.

petition for extraordinary writ, and therefore the November 7, 2017 order is unreviewable on appeal.

## DISPOSITION

DCFS's motion to dismiss Mother's appeal is granted. The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

CURREY, J.

11