Filed 12/24/20  In re Dominic G. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re DOMINIC G. et al., Persons Coming Under the Juvenile Court Law. | |
| MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KARLA P.,<br><br>Defendant and Appellant. | F081615<br><br>(Super. Ct. Nos. 18JP-00105B, 18JP-00105C, 18JP-00105D )<br><br>**OPINION** |

### THE COURT[*]

APPEAL from orders of the Superior Court of Merced County.  Donald J. Proietti, Judge.

David M. Yorton, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Forrest W. Hansen, County Counsel, and Jennifer Trimble, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P.J., Smith, J. and Meehan, J.

Karla P. (mother) appeals from the juvenile court's orders issued at a contested Welfare and Institutions Code section 366.26 hearing[1] on July 21, 2020, selecting a permanent plan of legal guardianship for her now 12- and 13-year-old sons, Jose and Dominic, respectively, and 10-year-old daughter, N.G. (the children).

After reviewing the juvenile court record, mother's court-appointed counsel informed this court he could find no arguable issues to raise on mother's behalf. This court granted mother leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H*. (2009) 47 Cal.4th 835, 844.)

Mother filed a letter but failed to set forth a good cause showing that any arguable issue of reversible error arose from the section 366.26 hearing. (*In re Phoenix H*., *supra*, 47 Cal.4th at p. 844.) Consequently, we dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

Dependency proceedings were initiated in August 2018 after one of the children contacted law enforcement, stating, "I am tired of being hungry and my mom being gone." Sheriff's deputies found the children at home with their then 16-year-old half sister, D.P., and her 11-month-old son. D.P. said mother left the children without food for days and weeks at a time. She believed mother was using methamphetamine because she saw smoke that did not smell like marijuana coming from mother's room. The Merced County Human Services Agency (agency) took the children into protective custody and placed them with relatives.

Mother made her first court appearance at the dispositional hearing in October 2018. The juvenile court ordered her to submit to random drug testing and continued the hearing. Mother did not drug test then or after two more court orders to do

---

[1]     Statutory references are to the Welfare and Institutions Code.

so.  She requested a contested jurisdictional/dispositional hearing but did not appear on the scheduled date in December 2018.  The court adjudged the children dependents and ordered mother to complete a parenting program and drug and alcohol assessment and participate in random drug testing.  Neither of the children's fathers were offered services.

The juvenile court continued mother's reunification services at the six-month review hearing in April 2019.  Although she regularly visited the children, she refused to drug test and had not completed any parenting classes or a substance abuse assessment.  There was an incident during a visit in September 2018 when mother asked the children who called the police the day they were detained.  The social worker counseled her not to ask questions that made the children uncomfortable.  There were no subsequent incidents during that reporting period.

The agency recommended the juvenile court terminate mother's reunification services at the 12-month review hearing.  Mother was incarcerated, having been arrested in August 2019 and charged with being an accessory to murder, a felon in possession of a firearm and gang activity.  D.P. was in custody at the juvenile justice correctional complex.  The children remained in relative placement.

In October 2019, at the 12-month review hearing, the juvenile court found the agency provided mother reasonable reunification services and her progress was minimal.  The court set the section 366.26 hearing for February 6, 2020.  Mother did not challenge the court's setting order.  (Cal. Rules of Court, rule 8.452.)

The agency recommended legal guardianship for the children with their relative caregivers and with the nonrelated extended family member in N.G.'s case.  The caregivers agreed to the plan and the children were happy in their placements.

The juvenile court adopted the agency's recommendation at the section 366.26 hearing on July 21, 2020.  The court ordered monthly supervised visitation for mother

3

upon her release from incarceration and supervised telephone contact and written correspondence while she was incarcerated.  The court also ordered sibling and grandparent visitation.

**DISCUSSION**

The sole issue at the selection and implementation hearing under section 366.26 is the appropriate permanent plan for the dependent child.  Adoption is the preferred plan, followed by legal guardianship and foster care.  (*In re Samantha H*. (2020) 49 Cal.App.5th 410, 414.)

An appealed from judgment or order is presumed correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  It is appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made.  If appellant fails to do so, the appeal may be dismissed.  (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

Mother does not contend the juvenile court erred in selecting legal guardianship as the children's permanent plan.  Rather, she contends there were services available to her that were not provided by the agency.  She informs this court she is awaiting trial on her criminal charges and details her efforts to participate in services, stating:

> "It has recently [come] to my attention that the [agency] provide[s] [h]andbooks/[w]orkbooks as a reunification service to the parent/parents who are not able to attend the classes required due [to] work, or in my case incarcerat[ion].  The service was never [recommended] nor provided to me.  Throughout [my incarceration], I put in a request to enroll in the Behavioral Intervention Program (B.I.) in [mid-August] 2019 which was the [beginning] of my incarceration….  I was denied entry to the B.I. [but] didn't stop [or] give up.  I enrolled in multiple Bible ministries through [correspondence] and have successfully completed courses [and received certificates] of completion and I continue to study…."

Mother attached various documents to her letter related to the courses she contends she completed or attempted.  She asserts her love for her children constitutes good cause and expresses her desire to be involved in their lives and to nurture, protect

4

and care for them.  She asks this court to reconsider her case and give her more time to reunify.

Mother does not challenge the juvenile court's order for legal guardianship. Instead, she challenges the reasonableness of the reunification services provided by the agency and by extension the propriety of the court's reasonable services finding.  The time, however, to raise that issue was by extraordinary writ petition from the court's reasonable services finding issued at the 12-month review hearing in October 2019. California Rules of Court, rules 8.450 and 8.452 set forth the time requirements for filing an extraordinary writ petition.  Failure to seek timely writ review forfeits any challenge to the court's order.  (*In re Athena P*. (2002) 103 Cal.App.4th 617, 624–625.)  Since mother did not file an extraordinary writ petition challenging the court's reasonable services finding, it is final, and we do not have jurisdiction to review it.

We conclude mother has not raised any arguable issues from the termination hearing.  Further, though we are not required to do so, we have reviewed the record as it relates to the termination hearing and have found no arguable issues.  There is therefore no good cause to merit additional briefing and we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.