An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KHALID ALI,
Appellant,
vs.
MIAN ARIF,
Respondent.

No. 67629

**FILED**

JUL 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order dissolving two partnerships and ordering the sale of the partnerships' two motel properties. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

After respondent Mian Arif sued his business partner appellant Khalid Ali for mismanaging partnership affairs and appellant countersued, the parties settled their damages claims and agreed to dissolve the two partnerships. They could not, however, agree on how to wind up the partnerships' two motel businesses. The district court concluded that the parties should place the Ho Hum Motel, a profitable operation, for sale on the open market, and that the other property, the Everybody's Inn Motel, should be sold at auction. Appellant appeals, asserting that neither property should be sold at auction and that, instead, he should be allowed to buy out respondent's interests and resume the businesses. In doing so, he argues that the court-appointed receiver had a conflict of interest and that the district court failed to adhere to the partnership agreement.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-22278

With respect to the receiver, appellant neither challenged the appointment nor raised allegations of bias below. Further, appellant does not now explain how his rights were prejudiced by any conflict of interest; although his views on what should happen with the partnership property upon dissolution differed slightly from those of the receiver, the district court properly considered all contentions in deciding that trying to sell the Ho Hum Motel traditionally and placing Everybody's Inn for auction was appropriate, and those decisions are supported by expert testimony in the record. Accordingly, reversal is not warranted based on alleged bias. NRCP 61; *Cook v. Sunrise Hosp. & Med. Ctr.*, 124 Nev. 997, 1006-07, 194 P.3d 1214, 1219-20 (2008) (reversal is not warranted unless prejudicial error affecting a party's substantial rights is demonstrated); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

Regarding the partnership agreement, although appellant urged the court to apply its terms, the district court was not asked to determine whether the parties' partnerships were governed by the original written agreement even after the death of one of the original three partners and the subsequent addition of a new partner, and thus it is unclear whether the agreement remains in effect. Moreover, the relevant agreement clause, provision 14, applied only to dissolution "by death or withdrawal," and here, the district court ordered the partnerships dissolved under NRS 87.320(1)(c) (conduct tending to prejudicially affect the business), as well as by the parties' agreement to dissolve. Accordingly, the court had authority to direct the winding up process. NRS 87.370.

With respect to the Ho Hum Motel, appellant sought a traditional sale, subject to court-imposed time limits, which is what the district court ordered. The motel was to be auctioned only if an acceptable buyer could not be located within 120 days. Accordingly, appellant is not aggrieved by the district court's decision, NRAP 3A(a), and cannot now complain that the motel should have been sold to him directly. *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983.

As for the Everybody's Inn, the court reasonably concluded that sale by auction was appropriate.[1] NRS 87.380 (providing that partnership property may be applied to discharge liabilities and then any surplus paid to the partners in cash); *Disotell v. Stiltner*, 100 P.3d 890, 893-94 (Alaska 2004) (explaining that uniform act language identical to NRS 87.380 is usually interpreted as a general, if not absolute, rule favoring liquidation); *Dreifuerst v. Dreifuerst*, 280 N.W.2d 335, 338-39 (Wis. Ct. App. 1979) (explaining the benefits of liquidation, including determining fair market value and allowing the former partners to acquire it, perhaps at a lower price); *see also Estate of Matteson v. Matteson*, 749 N.W.2d 557, 566 (Wis. 2008) (explaining that district courts have broad discretion in equity proceedings for the dissolution and liquidation of a partnership and will be affirmed if the relevant facts are examined, a proper legal standard is applied, and a reasonable conclusion is reached). The property was encumbered by substantial debt and physical liabilities, one expert concluded its best value was as a tear-down, and there was no

---

[1]In appellant's June 24, 2015, motion for a stay, he indicated that the Everybody's Inn Motel was to be auctioned on June 26, 2015. Accordingly, it appears that this issue might be moot. Nevertheless, as it is unclear whether the property was sold, we address the merits.

showing that appellant was ready and able to buy out respondent's share of the partnership. Accordingly, the district court did not abuse its discretion, and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Lidia Stiglich, District Judge
       Khalid Ali
       Robison Belaustegui Sharp & Low
       Washoe District Court Clerk

---

[2]To the extent that appellant raises other issues, including failure to receive manager's wages, appellant apparently reached a settlement agreement and thus did not raise those issues at trial. Accordingly, they are waived. *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983.

SUPREME COURT
OF
NEVADA

(O) 1947A